Knickerbocker *v.* The People.

[Warren General Term, July 13, 1869. *Rosekrans, Potter* and *Bockes,* Justices.]

———— •••• ————

Nelson M. Knickerbocker, plaintiff in error, *vs.* The People, defendants in error.

Although it is a sound proposition that mere possession, by a person, of stolen goods taken on the occasion of a burglary—that is, possession alone, without any other facts indicative of guilt—is not *prima facie* evidence that such person committed the burglary; yet where the prisoner was shown to have been in the vicinity of the burglary, just prior to the act, and to have left there under circumstances of some suspicion; and the evidence tended to show that he was, soon thereafter, in possession of some of the property taken from the safe at the time of the burglary; and further, that he prevaricated in regard to it, and made a false statement of the manner in which it came to his possession; *Held* that in this condition of the case, possession

of the stolen property by the prisoner, unexplained, was *prima facie* evidence on which to convict him of burglary.

*Held, also,* that a request to charge the jury that the mere possession, by the prisoner, of the stolen property, was not *prima facie* evidence of the commission of the burglary by him, was properly refused; inasmuch as the case was not one of mere possession by the prisoner of the stolen property, but it contained other proof indicative of guilt.

Where the court refused to charge the jury that the mere possession of stolen property was not *prima facie* evidence of the commission of the burglary by the prisoner, but on exception being taken, immediately added, "I will charge this way; that the possession of stolen property immediately after the commission of the offense is *prima facie* evidence of guilt; in other words, the accused is called upon to explain how the property came to his possession;" *Held* that the judge might be regarded as qualifying his ruling on the request to charge, by the explanation or substituted instruction, so far as it differed from the request; and that to the charge in this form there was no valid objection, considered with reference to the state of the case, on the proof.

THIS is a writ of error to the court of sessions of Saratoga county, to bring before the court for review the trial and conviction of the plaintiff in error, on an indictment for burglary and larceny.

A new trial was sought on account of alleged errors of law, committed by the judge in excluding evidence, and in charging the jury, and refusing to charge them as requested by the counsel for the prisoner. No direct evidence of the breaking and entering by the prisoner was given. The counsel for the prisoner requested the court to charge that "the mere possession of stolen property is not *prima facie* evidence of the commission of burglary by the prisoner." This the court refused, and the prisoner's counsel excepted. The judge thereupon remarked: "I will charge this way; that the possession of stolen property immediately after the commission of the offense, is *prima facie* evidence of guilt. In other words, the accused is called upon to explain how the property came to his possession." To this portion of the charge the prisoner's counsel excepted.

The jury found the prisoner guilty of burglary in the third degree.

*Charles S. Lester*, for the plaintiff in error.

I. Burglary and larceny are two distinct crimes, requiring different characters of evidence. Breaking and entering with intent to commit a crime are the essential ingredients of burglary, and these must be proved by the prosecution. (*Roscoe's Crim. Ev.* 340.) Burglary is a higher crime than larceny, but the prisoner may be convicted of the lesser offense. (*People* v. *Wood*, 2 *Park. Cr. Rep.* 22.) *Prima facie* evidence is such as entitles the party giving it to judgment, in case it is not disproved. It means, standing alone, sufficient evidence. Now the possession of stolen property is not sufficient evidence of breaking and entering, although it may be of the felonious intent. This has been frequently decided. (*People* v. *Frazier*, 2 *Wheeler's Crim. Cases*, 55. *Jones* v. *The People*, 6 *Park. Crim. Rep.* 126. *Davis* v. *The People*, 1 *id.* 447.) Mere possession of stolen goods is not *prima facie* evidence of guilt of any crime. "It will," says Greenleaf, "be necessary for the prosecution to add the proof of other circumstances indicative of guilt, in order to render the naked possession of the thing available towards a conviction." (3 *Greenl. on Ev.* § 31.)

II. The subsequent remark of the judge did not cure the error. The prisoner gave evidence tending to show his absence from the place where the burglary was committed at the time of its occurrence. He gave evidence tending to explain his possession of the property claimed to have been stolen.

The question to which the attention of the judge and jury was called was, that possession of stolen property was not *prima facie* evidence of burglary, and his refusal to charge thus was in fact instructing the jury that the converse of this proposition was true; and if his statement

means anything, it is that "the possession of stolen property immediately after the commission of the offense is *prima facie* evidence of guilt" of the crime of burglary, which is manifestly error.

The conviction and sentence by the sessions should be reversed.

*W. B. French,* (district attorney,) for the people.

The judge did not err in charging or refusing to charge the jury. (1.) In refusing to charge, as requested by the prisoner's counsel, "that the mere possession of stolen property is not *prima facie* evidence of the commission of the burglary by the prisoner." There is nothing in the case to warrant such a request. The evidence tended to show, not the mere possession of the stolen property, but the exclusive possession, and that he gave a false account of the manner in which he came by it. Indeed the whole evidence of the case, the testimony of every witness sworn on the trial in behalf of the people, and the prisoner's own evidence, show a state of facts and circumstances, besides the fact of the property being found in his exclusive possession, that coil around the prisoner, and point him out as the man who committed the crime, with a certainty beyond contradiction. The request, therefore, was simply an abstract proposition, and the judge was at liberty to refuse to charge as requested, even though the proposition were in fact correct. (*Kiernan* v. *Rocheleau,* 6 *Bosw.* 148. *Doughty* v. *Hope,* 1 *Comst.* 79. *Rushmore* v. *Hall,* 12 *Abb.* 420.) (2.) Nor did the judge err in charging the jury. Our courts hold, it is true, that "the mere possession of stolen property, without any other evidence of guilt, ought not to be regarded as *prima facie* or presumptive evidence of the burglary." But that state of facts does not arise in this case. Here the property was traced to the exclusive possession of the defendant; and the whole evidence evolves a net work of facts and circum-

Knickerbocker v. The People.

stances that can not be gainsayed, nor got rid of by the prisoner, and out of which his own evidence could not help him; but, on the contrary, tied him closer, and more clearly identified him with the crime. This case, then, comes directly within the opinion of Judge Johnson in *Davis* v. *The People*, (1 *Park.* 451, 452:) "In a case where goods have been taken by means of a burglary, and they are immediately or soon thereafter found in the actual and exclusive possession of a person who gives a false account, or refuses to give any account, of the manner in which he came into the possession of them, proof of such possession and guilty conduct is presumptive evidence not only that he stole the goods, but that he made use of the means by which access to them was obtained." The indictment here was for burglary and larceny, and it was competent to convict the prisoner either of simple larceny, or of burglary and larceny. "It never was doubted that on a trial for larceny, after the *corpus delicti* was proved, and evidence given that the stolen goods were found in the possession of the accused, such possession, unexplained, was *prima facie* evidence that the person in whose possession they were so found was the person who committed the larceny. The charge went no further than that." (*Opin. by Welles, J., in Jones* v. *The People*, 6 *Park.* 128.) The judge's charge in this case was directly within this rule, that "the possession of stolen property immediately after the commission of the offense is *prima facie* evidence of guilt."

This court should affirm the judgment of the court of sessions, and direct the sentence pronounced to be executed.

*By the Court,* BOCKES, J. This case comes before the court on writ of error to the Saratoga sessions. The plaintiff in error was indicted for burglary and larceny, and was

tried and convicted in the court of sessions of Saratoga
county, of burglary in the third degree. Judgment was
thereupon pronounced that he be imprisoned in the state
prison for the period of five years.

It appears from the record that the trial was quite pro-
tracted, occupying several days; but no more of the evi-
dence is returned than was deemed necessary to present
the questions raised on the exceptions taken by the counsel
for the prisoner, and here urged upon our consideration.
The evidence certified to us is very brief—not being given
in full. It must be inferred that there was sufficient to
sustain the conviction, except in so far as it may be
affected by the exceptions appearing on the record.

On the trial it was proved that on the night of the 21st
of October, 1867, the jeweler's store of one Henry L. West,
in the village of Ballston Spa, was burglariously entered,
the iron safe broken open, and watches and jewelry of the
value of $2000 feloniously taken therefrom. With a view
to charge the crime upon the prisoner, it was proved that
he was familiar with the store and property, having pre-
viously worked for West at his trade as a jeweler; that
he was present the evening prior to the burglary when the
valuables were placed in the safe and the store was closed;
that he was invited to remain with West over night, it
being very dark, but he refused, and left West about 9½
o'clock, stating that he was going to his mother's, where
he then resided, a distance of about five miles. Evidence
was also given proving, or tending to prove, that he was
in possession of some of the stolen property soon after the
burglary, and that when interrogated in regard to it he
prevaricated and falsified. The evidence is not before us
in detail, but the record states, in general terms, that tes-
timony was given tending to identify the property, which
was traced to the exclusive possession of the prisoner, as
that which belonged to West, and was in his safe at the
time of the burglary; also tending to show that the pris-

oner gave a false account of the manner in which he came to its possession. On the part of the prisoner there was evidence given tending to prove that on the night of the burglary he was at his mother's residence and in the bedroom with his brother, from about eleven o'clock in the evening until the next morning. In this condition of the case, the prisoner's counsel requested the court to charge the jury that the mere possession of stolen property was not *prima facie* evidence of the commission of the burglary by the prisoner. The court refused so to charge, and the prisoner's counsel excepted. The judge immediately thereupon remarked, "I will charge this way; that the possession of stolen property immediately after the commission of the offense is *prima facie* evidence of guilt. In other words, the accused is called upon to explain how the property came to his possession." To this portion of the charge the prisoner's counsel excepted.

The exceptions to the rulings above stated present the only question of importance, if not the sole question, in the case.

It is undoubtedly a sound proposition that mere possession by a person of stolen goods taken on the occasion of a burglary—that is, possession alone, without any other evidence whatever indicative of guilt—is not *prima facie* evidence that such person committed the burglary. Mere possession of stolen goods is not *prima facie* evidence of larceny even; for, as is said by Greenleaf, (3 *Greenl. on Ev.* § 31,) it is necessary to add the proof of other circumstances indicative of guilt, in order to render the naked possession of the thing available towards a conviction; such as the previous denial of the possession by the party charged, or his refusal to give any explanation of the fact, or giving false or irreconcilable accounts of the manner of its acquisition. The party may have acquired the stolen property by honest purchase, or may have found it where the thief deposited it or lost it. But we must con-

sider the ruling on the request to charge the jury in this
case in connection with the explanation which immediately
followed and accompanied it; also with reference to the
state of the case on the evidence. The proof that crime
had been committed was complete. The prisoner was
shown to have been in the vicinity of the burglary just
prior to the act; and to have left there under circum-
stances of some, although perhaps of slight, suspicion;
and the evidence tended to show that he was soon there-
after in possession of some of the property taken from the
safe on the occasion of the burglary; and further, that he
prevaricated in regard to it, and gave a false statement of
the manner in which it came to his possession. In this
condition of the case, possession of the stolen property by
the prisoner, entirely unexplained, would be unquestion-
ably *prima facie* evidence on which to convict him of lar-
ceny, according to the text above quoted from Greenleaf
on Evidence. Here was the denial of the possession of
the stolen property by the prisoner; or, concede its iden-
tity, which the request to charge assumes as a basis for
the proposition, there was no explanation of its possession
by him attempted; and he gave a false account of the
manner of its acquisition. This proof, added to the fact
of exclusive possession of the stolen property, made,
according to Greenleaf, a *prima facie* case of guilt.
(3 *Greenl. on Ev.* § 31.) But under the proof in this case,
exclusive possession by the prisoner of the property taken
on the occasion of the burglary, soon after that event, if
conceded, would be, according to the same learned author,
*prima facie* evidence on which to convict of burglary.
Greenleaf says: "Possession of the fruits of crime, recently
after its commission, is *prima facie* evidence of guilty pos-
session, and if unexplained either by direct evidence or by
the attending circumstances, or by the character and habits
of life of the prisoner, or otherwise, it is taken as conclu-
sive." He adds: "This rule of presumption is not con-

fined to the case of theft, but is applied to all cases of crime, even the highest and most penal. Thus, upon an indictment for arson, proof that property, which was in the house at the time it was burnt, was soon afterwards found in the possession of the prisoner, was held to raise a probable presumption that he was present and concerned in the offense. The like presumption is raised in the case of murder accompanied by robbery." (1 *Greenl. on Ev.* § 34.) In *Davis* v. *The People*, (1 *Park.* 447,) it was held that mere possession of the stolen goods, without other evidence of guilt, was not to be regarded as *prima facie* or presumptive evidence of burglary; and because the court so charged in effect, against exception, the conviction and judgment were reversed. This, however, was a case where, as stated in the opinion, there was "no evidence of any guilty conduct whatever," and as further stated, there was "room for doubts whether the prisoner ever had the goods in his custody." But it was remarked by the learned judge in that case, that he was of the opinion "that in a case where goods had been feloniously taken by means of a burglary, and they are immediately, or soon thereafter, found in the actual and exclusive possession of a person who gives a false account or refuses to give any account of the manner in which he came to the possession, proof of such possession and guilty conduct is presumptive evidence, not only that he stole the goods, but that he made use of the means by which access to them was obtained."

In the *Commonwealth* v. *Millard*, (1 *Mass. Rep.* 6,) the prisoner was indicted for shop breaking and stealing from the shop. The goods stolen from the shop were found in his possession, and no attempt was made to explain how he came by them. It was held that the proof amounted to presumptive evidence, not only that the prisoner stole the articles taken from the shop, but also of his breaking and entering. Now in the case at bar, the evidence against

the prisoner was not of the mere possession of the property taken on the occasion of the burglary; but there was also evidence of guilty conduct, such as the authorities declare, when superadded to the possession, to be sufficient to warrant a conviction for burglary. It was not, therefore, a case to which the request to charge was adapted, and the court might well have refused the request, for that reason. (*Hope* v. *Lawrence*, 50 *Barb*. 258.)   Concede that the prisoner had the possession of the stolen property, as the request assumes, and the superadded proof of guilty conduct made it a case of presumptive burglary.   The case was not one of mere naked possession by the prisoner.   But the refusal to charge as requested, should be considered in connection with the remarks of the court, which immediately followed and accompanied it.   It was said in *Sperry* v. *Miller*, (16 *N. Y.* 413,) that "in considering whether a single proposition contained in a charge is erroneous, it is to be construed in connection with the context.   The whole charge, or so much of it as is connected with and tends to modify or explain the part claimed to be objectionable, is to be considered in determining whether an error has been committed."   When the exception was taken to the refusal to charge as requested, and immediately thereupon, the court stated to the jury as follows:   "I will charge this way; that the possession of stolen property, immediately after the commission of the offense, is *prima facie*•evidence of guilt.   In other words, the accused is called upon to explain how the property came to his possession."

This, then, was the way in which the judge intended his instructions to the jury to stand; and he may be regarded as qualifying his ruling on the request to charge by this explanation or substituted instruction, so far as it differs from the request.   Now to the charge in this form there is no valid objection, considered with reference to the state of the case on the proof.   As above remarked,

Knickerbocker *v.* The People.

there was evidence of what is deemed guilty conduct, superadded to the fact of possession of the stolen property. The case therefore falls, in this view, directly within the decision in *Jones* v. *The People*, (6 *Park.* 126.) In that case the prisoner was convicted of burglary and larceny. The stolen goods were found in the prisoner's possession, who made no attempt to show how she came by them, or to explain her possession. The court charged the jury that the finding of the stolen property, shortly after it was taken, was presumptive evidence of the guilt of the person in whose possession it was found. The court held that there was no error in this charge. Welles, J. remarked as follows: "In regard to the charge, it must be borne in mind that it was competent under the indictment to convict the prisoner, either of a simple larceny, or of the burglary and larceny. It never was doubted that on a trial for larceny, after the *corpus delicti* was proved, and evidence given that the stolen goods were found in the possession of the accused, such possession, unexplained, was *prima facie* evidence that the person in whose possession they were found was the person who committed the larceny. The charge went no further than this."

The charge of the court in this case was therefore unexceptionable, considered with reference to the crime of larceny, and most assuredly so when made in a case where there was other evidence, superadded to the mere possession of the stolen property, indicative of guilt.

My conclusion, then, is that the request to charge the jury that the mere possession, by the prisoner, of the stolen property was not *prima facie* evidence of the commission of the burglary by him, was properly refused, inasmuch as the case was not one of mere possession by the prisoner of the stolen property, but it contained other proof indicative of guilt; and if wrong in this, we must

Knickerbocker *v.* The People.

regard the ruling on the request to charge as intended to be qualified, and in fact qualified and superseded by the instruction thereupon immediately given. Such was the manifest intention of the court, and was doubtless so understood and accepted by the jury at the time. It has been above seen that the exception to the charge was not well taken. That point is decided in *Jones* v. *The People,* (*supra.*)

In the course of the trial two exceptions were taken to the ruling of the court as to the admission of evidence. But no point of error is now made by the prisoner's counsel for that cause; and there is obviously no ground for complaint in that regard.

After a careful examination of the case, I am of the opinion that the record discloses no ground of error calling for a reversal of the conviction and judgment.

The conviction and judgment of the sessions must be affirmed, and the record remitted to the Saratoga sessions, to the end that the sentence and judgment of that court may be carried into effect, and the prisoner, if on bail, should submit himself thereto.

Judgment affirmed.

[SCHENECTADY GENERAL TERM, January 6, 1870. *Rosekrans, Potter, Bockes* and *James,* Justices.]