[No. 757.]

## THE STATE OF NEVADA, Respondent, v. SAMUEL WATKINS, ALIAS JOHN BERRY, Appellant.

BURGLARY—SECTION 2365 OF COMPILED LAWS CONSTRUED—SUFFICIENCY OF INDICTMENT.—The necessary construction of section 2365 of the Compiled Laws defining burglary, is that there is but one species of burglary, the essential definition of which is the entering in the night-time any dwelling-house, tent, etc., with intent to commit petit larceny, or any felony. An indictment showing these facts by proper averments would authorize a conviction of burglary, no matter how the entry was effected.

CORPUS DELICTI—PROOF OF, HOW ESTABLISHED.—Proof that defendant had in his possession, outside of the house, between twelve and one o'clock, goods which were in the house at nine o'clock, and which could only have been obtained by entering the house, was proof of an entry in the night-time, and, taken in connection with the other proof, completely established the *corpus delicti*.

REMARKS OF THE COURT.—It is not trenching upon the province of the jury to say that evidence has been given tending to establish a fact which it clearly does tend to establish.

INSTRUCTIONS.—An instruction that if defendant entered the house and stole therefrom certain goods, it might be inferred that he entered with intent to steal: *Held*, correct.

MODIFICATION OF INSTRUCTIONS.—The court is authorized to modify instructions so as to relieve them of any possible ambiguity, and to make their meaning more certain.

APPEAL from the District Court of the Fourth Judicial District, Humboldt County.

The defendant was convicted of burglary, and sentenced to imprisonment in the state prison for the term of one year.

Pending the trial, the defendant's counsel objected to any evidence being offered as to the goods being found in possession of the defendant, upon the ground that the *corpus delicti* had not been proven. The court, in overruling this motion, said, in the presence of the jury: "I presume the first thing counsel did was to try to prove the entry. The fact that the witness testified that there were some others in the house does not prove conclusively that there was any one else in the room; but the testimony tends to show that the person who took the goods must have entered the room."

The following are the instructions referred to in the opinion of the court:

No. 4. Given by the court: "Should you find beyond a reasonable doubt that the defendant entered the Central Hotel, as alleged in the indictment, in the night-time therein referred to, and also, that at said night-time, after so entering, defendant committed petit larceny by stealing the said woolen blanket and bedspread, or either, then you may infer that defendant so entered with the intention to commit said crime of petit larceny.

No. 1, asked by the prosecution: "If the jury believe from the evidence beyond a reasonable doubt that the Central Hotel is a house situated in the county of Humboldt, state of Nevada, and owned by Hinkey Brothers on the 26th and 27th days of May, 1875; and that on the said days  *   *  · the said Hinkey Brothers were the owners of one woolen sleeping blanket and one coverlet, of the value of eight and three dollars respectively; and that about the hour of one o'clock A.M., of the said 26th day of May, 1875, said property was stolen, and was seen in the possession of the defendant shortly after being stolen, the failure of the defendant to account for such possession, or to show that such possession was honestly obtained, is a circumstance tending to show his guilt, and the accused is bound to explain the possession in order to remove the effects of the possession as a circumstance to be considered in connection with other suspicious facts."

No. 1, asked by the defendant: "The defendant is indicted for feloniously, burglariously and forcibly breaking and entering, in the night-time, a house with intent to commit petit larceny.   Under this indictment the defendant cannot be convicted of the offense of entering a house without force, the doors or windows being open, with intent to commit any felony or petit larceny." To which · the court added: "But if the jury find from the evidence, beyond a reasonable doubt, that defendant, in the night-time referred to in the indictment, entered the room from which, the articles therein referred to are alleged to have been stolen, by unlatching or by pressing open the closed door

of said room, with intent to steal said articles of the Hinkey Brothers, or either of said articles, then this would be a forcible breaking and entry within the meaning of the law, and you should find the defendant guilty as charged in the indictment."

No. 5. "You are not at liberty to infer from the *mere* fact *alone* (if such fact be established by the evidence) that the defendant had the alleged stolen property in his possession, that he committed the burglary charged against him. Although it might be reasonable to deduce from such fact the inferences that a larceny had been committed, it does not follow that such larceny was the result of a burglary." The words "mere" and "alone" were inserted by the judge, and the following added to the instruction: "But you are at liberty to consider the said fact (if such fact be established by the evidence as aforesaid), in connection with all the other evidence in the cause in making up your verdict."

No. 13. "The *mere* possession of stolen goods, in the absence of other proofs, is not sufficient to warrant a conviction for the *larceny*." The word *mere* inserted by the judge. The word "theft" erased and *larceny* inserted, and the following words added: "But the defendant in this case is not on trial for the larceny of the goods referred to in the indictment."

*C. S. Varian*, for Appellant.

I. The court erred in overruling the objections taken by the defendant to the testimony of the witness Pryor, in which he details the circumstances of the arrest of the defendant and the finding of the so-called stolen property on his person.

It is laid down in the books that there must be clear and unequivocal proof of the *corpus delicti*. (Burrill, Cir. Ev. 734; Starkie on Ev. 758; 1 Wharton, 745; *State* v. *Davidson*, 30 Vt. 377–385.)

II. Upon the whole evidence the defendant should have been acquitted, as evidence of the *corpus delicti* was too slight. Courts will and do interfere in such cases. (*Tyner* v. *State*, 5 Humph. 383–4; *Burton* v. *Marsh*, 6 Jones N. C. 409; *State* v. *Davidson*, *supra*.)

III. The remarks of the court in overruling defendant's objections were entirely uncalled for, and could not have conveyed any but a wron  impression to the jury. From his remarks the jury would and must have naturally supposed that it was necessary to show on the part of defendant conclusively that "some one else" was in that room.

IV. Instruction four, given by the court, does not state the law, as it ignores the question of breaking, actual or constructive. (16 Cal. 431.)

V. Instruction one, given on the part of the state, is flagrantly erroneous.

The possession of stolen property does not tend in any way to prove that the same was obtained by means of a burglary. This instruction fully sustains me in the assertion, that the defendant was tried upon the theory, that he was first to be proven a criminal to the satisfaction of the jury, and then from that fact a burglary as distinguished from a larceny was to be deducted.

VI. The court erred in declining to give instructions one, *five* and thirteen, offered by defendant, and in adding to them and giving them as modified.

VII. The court erred in refusing instructions four, six and seven, requested by defendant. Their refusal must have resulted in great injury to defendant's case. (Burrill, Cir. Ev. 734; Starkie Ev. 758; 1 Wharton Crim. Law, 745.)

*J. R. Kittrell, Attorney-General,* for Respondent.

I. The *corpus delicti* was clearly proven in the trial of the case. To be sure its proof was made by evidence circumstantial in its nature, but the body of a crime may be so proven as may be any other fact necessary and essential to be established by proof on a trial. (3 Greenl. Ev. sec. 30, *State* v. *Williams,* 7 Jones's (N. C. R. 450.)

II. Instruction four, given by the court, correctly states the principle applicable to this case. (*Com.* v. *Millard,* 1 Mass. 6; C. & H. Notes, 432.)

III. The court below did not err in modifying the instructions asked for by the defendant. (*Com.* v. *Millard, supra.*)

By the Court, BEATTY, J.:

The defendant was convicted of burglary, and on appeal from the judgment assigns numerous errors, most of which involve more or less directly the construction of the statute defining that crime.    It is defined as follows:  ''Every person who shall, in the night-time, forcibly break and enter, or without force (the doors or windows being open) enter any dwelling-house, tent, etc., with intent to commit murder, robbery,   *   *   *   petit larceny, or any felony, shall be deemed guilty of burglary," etc.  (Comp. Laws, sec. 2365.)

The position of the appellant is that there are two distinct crimes designated by the name of burglary; that is to say, to break and enter is one burglary or sort of burglary, and to enter, without breaking, through an open door or window is another burglary; and that a person indicted for breaking and entering cannot, on that indictment, be tried or convicted for entering without force.    But we think if the first branch of this proposition were conceded, the second would not follow.    On the contrary, it is expressly provided in our criminal practice act that,  ''In all cases the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or he may be found guilty of an attempt to commit the offense charged."  (Comp. Laws, sec. 2037.) By virtue of this provision, a person indicted for murder may be convicted of manslaughter, and it is not a very bold exaggeration to say that we have had almost daily experience of such verdicts in this state without a suggestion ever having been made that they were unauthorized.    If, then, a man, indicted for killing with malice, may be convicted of killing without malice, why may not a man, indicted for entering with force, be convicted of entering without force? If there is any principle by which the two cases can be distinguished, it exceeds our capacity to discern it.    Upon this consideration alone most of the assignments of error appear to be totally without merit.    But we choose to place our decision upon a broader ground.

.The necessary, if not the obvious; construction of the

statute is, that there is but one species of burglary, the essential definition of which is the entering in the night-time any dwelling-house, tent, etc., with intent to commit petit larceny, or any felony.   An indictment showing these facts, by proper averments, would authorize a conviction of burglary, whether the proof showed an entry effected by the use of crowbars or giant powder, or by slipping through an open door.   Taking the language of the statute, it is clear, in the first place, that the words in parenthesis (the doors or windows being open), are entirely unnecessary to the sense and merely intended to be explanatory; the legislature apparently fearing that it might not otherwise be known that an entry without force is a legal impossibility, unless a door or window is open.

Rejecting these words, then, as mere useless tautology, the statute would read: "Every person who shall in the night-time forcibly break and enter, or without force enter," etc., which is exactly equivalent to saying: "Every person who shall in the night-time enter with or without force;" and as this makes the element of force wholly unessential, it is the same as saying: "Every person who shall in the night-time enter."   The truth is, the element of force had been so refined away by judicial construction, long before the enactment of the statute, that there was no sense in retaining it as a constituent of the crime.   It had been decided that the lifting of a latch, the lowering of a window-sash or the gently pressing open of an unfastened door, was a forcible breaking.   It stood a mere shadow of a former substance in the law, serving only as the basis of subtle refinements and technical distinctions between acts that did not essentially differ in point of criminality.   The intention of the legislature undoubtedly was simply to eliminate it from the definition of the offense.   Why they should have resorted to such an awkward paraphrase of the simple language that would have expressed their intention without any ambiguity, is one of those things that are past finding out.   It cannot be denied that our construction of the law does convict the legislature of extreme infelicity of expression, but to construe it as appellant does is to convict them of downright

folly. For what would be the result? On an indictment for entering with force, proof of an entry without force would have to be excluded, and *a fortiori* on an indictment for entering without force, proof of entering with force would have to be excluded. Whence it would follow that in any case where it was reasonably doubtful on the proof, whether the entry was effected with or without force, the defendant could never be convicted upon any sort of indictment, although it might be established by the most indubitable proof that he did enter, and notwithstanding he is, in the eye of the law, equally guilty, and subject to the same penalty in either case. This result is a little too absurd to be attributed to the intention of any legislative body. It may be observed, in conclusion, that the whole section of the statute under consideration, seems to have been drawn with a reckless extravagance of words, and no argument can be founded on its roundabout mode of expression. Why, for instance, should it say, "with intent to commit murder, robbery, rape, mayhem, grand larceny, petit larceny, or any felony," instead of saying, "with intent to commit petit larceny, or any felony," which means exactly the same thing?

The indictment in this case is for breaking and entering. Whether the proof sustains the allegation of force or not, it is, in view of the foregoing construction of the statute, unnecessary to decide, and we do not so decide, although we think it does. It is at all events not disputed that it sustains the allegations of entering in the night-time with intent to commit larceny. This being premised, we will examine the defendant's exceptions *seriatim*.

On the trial of the case, the prosecution, after proving that certain articles, consisting of wearing apparel and bed-clothes, which were in a room of a lodging-house in Winnemucca at nine o'clock at night, were missing in the morning, and that it was impossible for any one to have taken them without entering the room where they were, offered to prove by a policeman of the town that he had arrested the defendant between twelve and one o'clock the same night with these articles in his possession and under most suspi-

cious circumstances. The defendant objected to the testimony upon the ground that the *corpus delicti* had not been established, and it was not competent to introduce evidence tending to connect him with the commission of a crime which had never been committed. The objection was overruled, and properly so we think. It is a sufficient answer to the objection to say that the very evidence objected to tended to establish one ingredient of the *corpus delicti*. It was necessary to show that the entry was effected in the night-time, and proof that defendant had in his possession, outside of the house, between twelve and one o'clock, goods which were in the house at nine o'clock, and which could only have been obtained by entering the house, was proof of an entry in the night-time, and, taken in connection with the other proof, completely established the *corpus delicti*. It was then, of course, proper to show the suspicious circumstances connected with defendant's possession, for that tended to prove him guilty of the larceny; and as the larceny could only have been committed by means of a burglarious entry, it necessarily tended to convict him of the burglary.

The remarks of the court in overruling the objection were not uncalled for. They explained, in perfectly appropriate language, the grounds of his ruling, and this, if not necessary, was at least not improper. If courts contented themselves in ruling upon objections by saying simply, "I overrule your objection," or "I sustain the objection," it would often be impossible to conjecture the ground of the ruling, and it would lead to unnecessary repetitions of objections covered by the grounds of the first ruling. In order to save the court and counsel from thus acting at cross-purposes it is well for the court to explain its rulings, care being taken, in so doing, not to trench upon the province of the jury. It is not trenching upon the province of the jury to say that evidence has been given tending to establish a fact which it clearly does tend to establish, and this was, in effect, all that the judge said.

Instruction No. 4 given by the court is not erroneous on the defendant's own theory of the law. It does not instruct the jury that the defendant is guilty if he entered and stole,

but that if he entered and stole it may be inferred that he entered with intent to steal, which as a substantive proposition is undoubtedly correct, and was proper to be given in the case.

Instruction No. 1, given at request of the state, laid down the law correctly, and there is no question that it was applicable. It did not instruct the jury that the defendant was guilty of burglary if he stole the goods, but that if he stole the goods that tended to prove that he committed the burglary, which it unquestionably did considered in connection with the evidence that they could not have been stolen without a burglarious entry of the house where they were.

The modification of instruction No. 1, asked by defendant was proper. The court was asked to instruct the jury that the defendant could not be convicted unless he entered by force. The court appended a definition of force which was correct and pertinent. The fault of the instruction as given is that it was too favorable to the defendant in sustaining his construction of the statute.

Of the modifications of instructions 5 and 13 asked by defendant, it may be said that their only effect was to relieve the instructions of any possible ambiguity, and to make their meaning more certain. It was proper, too, in connection with instruction 13 asked by defendant, to remind the jury that he was not on trial for larceny, otherwise they might have inferred from its language that they could convict of larceny, a verdict which the indictment would not have supported.

Instructions 4, 6 and 7, asked by defendant, and refused, were all erroneous because based upon his construction of the statute; and even if they had not been erroneous the court would perhaps have been justified in refusing them for the reason that their substance had been given in other instructions.

Having reviewed all the points urged by the appellant and discovered no error on the part of the court below, its judgment is affirmed.