[No. 1155.]

THE STATE OF NEVADA, RESPONDENT, v. HELEN T. LOVELESS, APPELLANT.

CRIMINAL LAW—MEANING OF WORD "INDICATING" IN INSTRUCTION—LARCENY—CONSTITUTION.—On trial of defendant for grand larceny, the court instructed the jury that if satisfied, beyond a reasonable doubt, "that defendant killed, or had the calf killed, by the witnesses, and that she then cut out the brand and cut off the ears of the calf, and burned up the ears and part of the hide so cut out, this would be a circumstance to be considered by you, indicating that the defendant was not the owner of the calf, and of her knowledge that she was not the owner," etc.: *Held*, that the word "indicating," as used in the instruction, would be understood by the jury as *tending to show* a certain result, and that the language of the instruction is not in violation of the constitutional provision prohibiting the court from charging the jury with respect to matters of fact.

PRESUMPTIONS IN FAVOR OF INSTRUCTIONS—WHERE THERE IS NO EVIDENCE.—In the absence of the testimony appellate courts will not reverse a judgment for alleged error in the instructions, unless it is apparent that the instructions would be improper under any possible condition of the evidence.

APPEAL from the District Court of the Fourth Judicial District, Humboldt County.

The facts are stated in the opinion.

*M. S. Bonnifield* and *T. W. Healy*, for Appellant:

I. The court, in giving the instruction complained of, clearly invaded the domain of the jury in violation of the constitu-

tion and statutes of Nevada, as well as the legal maxim:
" To the jury belong the facts; to the court the law." (Const.
sec. 12, art. VI.; *State* v. *Harkin*, 7 Nev. 377; *Smith* v.
*State*, 43 Tex. 103; *Com.* v. *Selfridge*, Horr. and T. Cas. of
Self Def., 1, 19; *Otterbach* v. *Brown*, 2 McArthur, 541; *Jen-
kins* v. *Tobin*, 31 Ark. 307; *State* v. *McGinnis*, 5 Nev. 337;
*State* v. *Ah Tong*, 7 Nev. 148; *State* v. *Duffy*, 6 Nev. 138;
*State* v. *Anderson*, 4 Nev. 266.)

*J. H. Windle*, District Attorney of Humboldt County, for
Respondent:

I. The instruction objected to is not amenable to the objec-
tion, that it charges the jury with respect to matters of fact,
nor as to the weight of the evidence. (*State* v. *Anderson*, 4
Nev. 265; *State* v. *Watkins*, 11 Nev. 30; *People* v. *Vasquez*,
49 Cal. 560; *People* v. *Welch*, 49 Cal. 174.)

By the Court, HAWLEY, C. J.:

Appellant was indicted, tried and convicted of the crime of
grand larceny, for stealing a calf.

The indictment contained two counts. One alleged the calf
to be the property of Ed. Lyng; the other, to be the property
" of another person to the jurors aforesaid unknown."

Upon the trial the court gave the following instruction,
viz.:

" Before you can find the defendant guilty of the offense
charged in the indictment, you must first find, from the evi-
dence and beyond a reasonable doubt, that the crime of lar-
ceny alleged in the indictment has been committed, and that
the defendant is the person who committed the crime; but, in
order to find that the calf was stolen, and that it was the
property of Ed. Lyng, the person named in the indictment, or
of another person to the jurors unknown, it is not necessary
to prove by positive evidence that Ed. Lyng, or another per-
son to the jurors unknown, actually lost the calf mentioned in
the indictment. This fact, like any other fact in the case,
may be established by circumstantial evidence. For instance,
if the evidence should satisfy you, beyond a reasonable doubt,

that at, or about, the time mentioned in the indictment the defendant drove up to her corral a calf which was branded with Ed. Lyng's brand, and marked with Lyng's ear-mark, and the wattles on the jaw, and this brand and these marks are Lyng's brand and marks; that defendant killed, or had the calf killed, by the witnesses, and that she then cut out the brand and cut off the ears of the calf, and burned up the ears and part of the hide so cut out, *this would be a circumstance to be considered by you, indicating that the defendant was not the owner of the calf, and of her knowledge that she was not the owner*, and it would not be necessary for Mr. Lyng to swear positively that he had lost such calf, or that he had lost any calf, or that such calf had been stolen, or that any calf had been stolen. It is your duty to find, from all the surrounding circumstances, whether such calf was in fact stolen, and that the defendant was the thief."

The only objection urged by appellant against this instruction is in the use of the word "indicating," in the sentence *italicised*. It is claimed that this portion of the instruction is in violation of the constitutional provision which prohibits the court from charging the jury with respect to matters of fact. (Art. VI., sec. 12.)

The language of the instruction is subject to criticism. The principle therein announced might have been expressed in a more satisfactory manner; yet we are of opinion that it is not subject to the objection made by appellant. The language objected to does not charge the jury that the facts stated were sufficient to establish the offense. It does not assume the guilt of the defendant nor the proof of any of the material facts. It is not a charge upon the weight of the evidence. It does not, in any of these respects, come within the facts of the cases cited by appellant.

The word "indicating," as used in the instruction, would be understood by the jury as *tending to show* a certain result.

This portion of the instruction does not state, as proved, that which is to be proved, but gives a statement of facts, which, if proven, point to facts necessary to be proved, and are proper to be considered in connection with other circumstances, as tending to show (or as indicating) the fact which is to be proved.

The court did not tell the jury that the circumstances stated raised a presumption of law that defendant was not the owner of the calf. If the language used could be so construed it would be subject to the objection made by appellant, because a presumption of law amounts to a conclusion that upon a given state of facts certain legal consequences must follow, and this, when declared by the court, must be followed by the jury; whereas, inferences of facts to be drawn from the facts stated are matters to be left entirely within the control of the jury.

In the admission of evidence courts are bound when exceptions are taken to pass upon the question whether or not the evidence offered tends to prove or to dispove any material fact. The courts are also often called upon to give instructions in criminal cases, especially in cases where the evidence is circumstantial, to the effect that if the jury believe from the evidence, beyond a reasonable doubt, that certain facts existed, they tend to show certain other facts which are necessary to be proved. It cannot be considered as trenching upon the province of the jury to instruct them that certain circumstances, if proven, tend to establish a fact, which they clearly do tend to establish.    (*State* v. *Watkins*, 11 Nev. 37.)

It was certainly competent for the jury to consider the circumstances that the ear marks and brands on the hide were cut out and burned by the defendant, in connection with other facts, in order to determine whether the calf had been stolen. (*People* v. *Murphy*, 47 Cal. 105.)

Evidence of this character is always proper to be considered by the jury as circumstances *indicative* of the guilt of the defendant.    (3 Greenl. on Ev., sec. 31; Wills on Cir. Ev. 64–5; 1 Whart. A. Cr. L. sec. 726; *State* v. *I. En*, 10 Nev. 281; *Knickerbocker* v. *People*, 57 Barb. 371; *Methard* v. *State*, 19 Oh. St. 368.)

The sole object of the instruction was to inform the jury that the *corpus delicti* need not be proven by direct, positive evidence, but might be established like any other fact by circumstantial evidence.    A principle of law that is not denied. (3 Greenl. on Ev. sec. 30; Wills on Cir. Ev. 200, *et seq.*; 1 Bish. on Cr. Pro. sec. 1070; *State* v. *Watkins, supra; State*

v. *Ah Chuey*, 14 Nev. 92; *Williams* v. *State*, 61 Ala. 401.)

By way of illustration, the court mentioned certain circumstances that were proper to be considered by the jury, in connection with other evidence, as tending to show that the defendant was not the owner of the calf, and that she knew she was not the owner, and informed the jurors that it was their duty to determine, "from all the surrounding circumstances, whether such calf was in fact stolen," and, if stolen, "whether the defendant was the thief." When the entire instruction is read and its purpose considered, it seems to us that the language complained of is not in violation of the constitutional provision relied on by appellant. (In addition to the authorities previously cited, see *People* v. *Rodundo*, 44 Cal. 541; *People* v. *Gill*, 45 Cal. 285; *People* v. *Brown*, 48 Cal. 256; *People* v. *Vasquez*; 49 Cal. 562; *State* v. *Robbins*, 65 Mo. 444; *State* v. *Kelly*, 9 Mo. Ap. 514; *Goldstein* v. *People*, 82 N. Y. 234.)

The case is presented on this instruction, without any statement as to the character of the evidence which called it forth, and we must, therefore, presume that evidence was introduced which fully justified the court in giving it. It may possibly have been erroneous, or so drawn as, when applied to the evidence, to mislead the jury. "Still, if any state of facts might have been proved in view of which it would be proper, then we must suppose that that state of facts was proved; and that the defendant was not prejudiced. The rule is that judgments will be reversed for alleged errors in instructions only when, looking at the testimony, we can see that the jury may have been misled by them to the prejudice of the defendant, or when, in the absence of the testimony, it is apparent that the instructions would be improper under any possible condition of the evidence." (*People* v. *Donahue*, 45 Cal. 322; *People* v. *Strong*, 46 Cal. 303.)

"When no testimony is presented, it is always presumed by appellate courts that the instructions given in the lower court were applicable to the proofs in that particular case; and the instructions should never be declared erroneous unless it clearly appears that no case could reasonably be imagined wherein they would be correct." (*State* v. *Keith*, 9 Nev. 17.)

The judgment of the district court is affirmed.