PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. FRANCISCO OLIVERO ET AL., Defendants and Appellants.

No. 2823.  Argued January 21, 1927.—Decided March 25, 1927.

*Leopoldo Feliú* for the appellant.   *José E. Figueras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Francisco Olivero was convicted of burglary in the first degree and sentenced to one year in the penitentiary.

The information reads in part as follows:

"The said Vicente García Román and Francisco Olivero Díaz, on the 7th of January, 1925, in the ward of Santurce of the Municipality of San Juan, within the Judicial District of San Juan, unlawfully, wilfully, maliciously and with the criminal intent to commit larceny, entered during the night the commercial establishment of Ramón Rodríguez, contrary to the law in such case made and provided and against the peace and dignity of The People of Porto Rico."

He appealed and for the first time pleads the insufficiency of the information before the Supreme Court.  The evidence is not contradicted.  The information only is attacked in the following manner:

"Our contention is that the designation of the place alleged to

have been entered by defendants is not sufficient to bring the case within the following provisions of the Penal Code:

" 'Every person who enters any house, room, apartment, tenement, shop, warehouse, store, stable, outhouse, or other building, tent, vessel or car, with intent to commit grand or petit larceny, or any felony, is guilty of burglary.' Penal Code, section 408.

"It seems to us that 'warehouse' or 'store' cannot be taken as synonymous with 'commercial establishment' used in the information.

"The words used in the code have a very clear and definite meaning. We all know what a 'warehouse' or a 'shop' is; but we cannot say what is specifically meant by 'commercial establishment.' It seems that the latter designation may include a 'shop,' a 'warehouse,' a 'workshop,' or any other establishment where commercial operations are carried on.

"On the other hand, the information does not state how defendants entered the establishment, a requisite that seems essential in such cases.

"See 4 R.C.L., p. 415, 416, 419.

"As will be seen, a very important question is involved in the determination of these two points. It seems evident that should the government's contention prosper, if a person entered an establishment, say that of González Padín, with intent to steal, he would commit burglary; but we cannot accept that as the correct construction and application of the aforesaid section of the Penal Code. We are of the opinion that the information must charge something more than mere entry with intent to commit larceny, as a public and open entry of such establishment will never be unlawful, because every citizen has a right freely to enter it owing to its quasi public character. For the reasons set forth we respectfully submit that on account of the insufficiency of the information the judgment rendered should be reversed and appellant acquitted, or the case remanded for a new trial."

While it seems really impossible that in an information prepared by an expert in the law the words chosen by the legislators should be substituted by others, thus running the the risk of having the whole structure topple, we think that "commercial establishment" as used by the *Fiscal* of the Supreme Court is equivalent in all respects to "store" or,

in a proper case, to "warehouse," and that the defendant was not misled in the preparation of his defense. It is evident that a store or a warehouse is a commercial establishment. However, we advise the use of the exact words of the statute.

The second proposition raises an interesting question; but jurisprudence has settled it against the defendant, as follows:

"Appellant contends that a grocery store during business hours is a public place, and the defendant, as one of the public, had a legal right to be there; that the proprietors were doing business with the general public; the public were invited to enter; that therefore the defendant entered under an invitation of the owners, and that consequently his entry was lawful, and there can be no burglary when there is a lawful entry. To this line of reasoning we can only say, a party who enters with the intention to commit a felony enters without an invitation. He is not one of the public invited, nor is he entitled to enter. Such a party could be refused admission at the threshold, or ejected from the premises after the entry was accomplished. If the presence of such a party in the store is lawful, the fact that he gained ingress openly and publicly through the front door rather than clandestinely by way of the skylight or the cellar is not material, and the result would be that no burglary could be committed in a store during business hours, regardless of the nature of the entry." *People* v. *Barry,* 94 Cal. 483.

"It would be an impeachment of the common sense of mankind to say that a thief who enters a store with intent to steal does so with the owner's consent or upon his invitation. It is true the thief must have clothes and food, and may enter a store to procure them. And if, after he enters, he changes his mind and concludes to steal and not purchase his supplies, it would be larceny. But if it be proven that he entered with intent to steal, the law will not in the face of such proof, shield him from punishment as a burglar on the assumption that he has the consent and invitation of the proprietor to so enter. Our statute has swept away many of the technical requisites of burglary under the common law." *People* v. *Brittain,* 142 Cal. 10.

The judgment appealed from must be affirmed.