[Crim. No. 1526. Fourth Dist. Nov. 23, 1959.]

THE· PEOPLE, Respondent, v. ZEDRICK BERRY ROY, Appellant.

Simmons & Simmons and Herbert W. Simmons, Jr., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, Norman H. Sokolow and David B. Allen, Deputy Attorneys General, for Respondent.

MUSSELL, J.—Appellant was charged with a violation of section 459 of the Penal Code (burglary) in that on or about

October 26, 1958, he did wilfully and unlawfully enter a dwelling house in Riverside County with the intent to commit theft. Two prior felony convictions were alleged in the information, one for forgery and the other for receiving stolen property. Appellant entered a plea of not guilty, denied the prior convictions, waived a jury trial and, by stipulation, the cause was submitted to the court on the evidence contained in the transcript of the preliminary hearing and the further evidence produced at the trial. Appellant was found guilty as charged and the offense was determined to be burglary of the second degree. The two prior convictions were found to be true. Appellant's motion for a new trial was denied and he was sentenced to the state prison. He appeals from the judgment and the order denying a new trial and his principal contention is that the evidence is insufficient to sustain a conviction.

Bruce E. Bartleson was one of the developers of a group of homes known as ''Riviera Tract'' in Riverside. One of the houses was used as an office and the garages of two homes were used as a storage place for certain appliances and other equipment. An air conditioner was stored in the office and at one of the garages were stored 10 garbage disposals, a gas range and oven and hardware sufficient for five houses. This property was in the custody of Bartleson. He was at the tract on Sunday, October 26, 1958, at about noon, and there observed the air conditioner. A plumbing contractor engaged in the construction of houses on the tract had certain water heaters, furnaces and bathroom fixtures stored in the garages involved. A Mr. Engel, who worked for the plumbing contractor, worked on the tract on Friday, October 24th. He went into one of the garages several times on that day and both garages were locked when he left the tract, at which time he observed that there were no car or truck tracks of any kind in front of the two garages. All tracks of every kind had been raked out by another worker who had been preparing the ground for landscaping.

On Monday morning, October 27, Engel returned to the tract and found one of the garage doors open. The hooks to which the padlocks had been locked had all been cut off and all the bathroom fixtures, furnaces and other materials had been stolen from the garage and removed except one damaged water heater. The air conditioner installed in the office, the 10 garbage disposal units, one range and oven and the building hardware, all of which was in the custody of Bartleson,

had also been stolen. On the grounds in the vicinity of the garages were footprints and tire tracks. There were double wheel tracks backing up to the front of the garage and these tracks were not there late Friday afternoon when Engel locked up the garages.

Officers of the Riverside sheriff's office arrived at the tract Monday morning, October 27, 1958. They had photographs made of the tire tracks in front of one of the garages, one of which depicted the tracks made by the dual wheels on the left rear side of a truck. The tracks showed that the tire on the outside of the left dual wheels had heavy Army-type tread and a moulage cast was made of the track left by this tire.

On November 7, 1958, officers from the Riverside sheriff's office went to the Avalon U-Drive truck rental in Torrance, where they examined and took pictures of a 1957 Chevrolet truck with license Number X18-351. One of the photographs taken depicted the left rear tires of this truck and showed that the outer tire was an Army one with a heavy knobby tread. The records of the truck rental company showed that on October 26, 1958, this truck had been rented by a man known to the employees of the company as Alvin Bell; that Bell's address was given as in San Pedro, and his telephone as NE 9-2025, and that the truck was returned to the company on October 31, 1958, with 194 miles used.

On November 8 the tire with the Army-type tread was removed from the truck and taken to the sheriff's office in Riverside for the purpose of identification. A moulage cast was made and photographed. One of the officers, experienced in taking photographs and moulage casts of tire impressions, testified as to numerous similarities on the tire in question and the cast made at the scene of the burglary. He stated that in his opinion the tire removed from the outside rear wheel of the Chevrolet truck made the imprint in front of the garage at the scene of the burglary. Another experienced officer who had prepared and compared moulage casts and photographs of such casts and had testified in court as to such comparisons, compared the cast made at the scene of the burglary with the cast made of the Chevrolet truck tire involved and stated that in his opinion the same tire made the impression from which both casts were made.

On November 7, 1958, officers called on appellant at his residence in Compton and asked him if he had rented a truck from the Avalon truck rental company. Appellant stated he had never rented a truck there at any time nor from any

other truck rental establishment. The officers took appellant to the office of the Avalon truck rental company and he was there identified by the manager and an employee. Appellant denied knowing the two men who had identified him and stated that he had never been in the establishment before and denied that he had signed the name ''Alvin Bell'' or that he knew a person by that name. Appellant was asked whether the phone number appearing on the rental slip was his and he replied that it was but he did not know how it got on the rental slip.

The operator of the Avalon U-Drive truck rental company testified that he knew appellant by the name of Alvin Bell and had rented trucks to him previously; that he made out the rental certificate showing that the Chevrolet truck involved was on October 26, 1958, rented under the name of Alvin Bell and that he rented this truck to appellant on that date. An employee of the rental company testified he knew appellant and was present when appellant returned the truck on October 31, 1958.

Records of the prior convictions alleged in the information were introduced at the trial and it was stipulated that appellant was the person named in those records.

At the trial appellant testified that on October 26, 1958, he rented the Chevrolet truck involved, using the name Alvin Bell; that he parked the truck on a vacant lot and put the keys under the floor mat; that he then went to a poker game and played poker until about 4:30 the next morning. He admitted that he gave a fictitious name and address when renting the truck. He admitted lying to the officers and giving them a false alibi for October 25 and 26. He stated that he returned the Chevrolet truck on October 31, 1958; that he had had it all the time from the night of October 26 until he turned it in on October 31, and that he did not lend it to anyone.

We are not in accord with appellant's contention that the evidence is insufficient to sustain a conviction.

Section 459 of the Penal Code provides that every person who enters any house . . . with intent to commit grand or petit larceny or any felony is guilty of burglary. ▮▮ And as is said in *People* v. *Barry*, 94 Cal. 481, 482 [29 P. 1026], ''This section of the code is clear and concise, and its meaning obvious. By its express terms, the offense is perfect and complete when the entry is made with the intent to commit grand or petit larceny, or any felony.''

▮ The evidence herein clearly established the commis-

sion of a burglary and that a person or persons entered the locked garages involved and stole therefrom a large amount of personal property. There is substantial evidence that the truck rented by appellant on October 26, 1958, was used in the commission of the burglary; that the burglary was committed some time between 1 o'clock p.m. on Sunday, October 26 and 8:30 a.m. on Monday, October 27, and that appellant lied to the officers when questioned by them on November 7, 1958. The record further indicates that appellant also lied in his testimony at the trial. He there testified that he had shown Alvin Bell's license only once and that was in July, 1958, "the very first time" he had ever rented a truck. He later admitted that this was not "the very first time" he had rented a truck nor was it the only time he had shown Bell's license in renting a truck. He further testified that he had the truck from October 26, 1958, to October 31, 1958, when he turned it in to the rental company.

The appellant made false statements to the officers as to his rental of the truck involved and testified falsely as to his previous rentals from the rental company. In addition, he admitted renting the truck involved under a false name and that the truck was in his possession during the time when the burglary was committed. Such false statements to the officers and testimony at the trial are evidence of consciousness of guilt from which, along with the other evidence in the case, the guilt of the appellant may be inferred. (*People* v. *Wayne*, 41 Cal.2d 814, 823 [264 P.2d 547].)

After conviction all intendments are in favor of the judgment and a verdict will not be set aside unless the record clearly shows that upon no hypothesis whatever is there sufficient evidence to support it. (*People* v. *Gutierrez*, 35 Cal.2d 721, 727 [221 P.2d 22].) The evidence herein, considered in the light of this rule, is in our opinion sufficient to support the judgment herein.

The argument of appellant that he was deprived of his constitutional rights is without merit. This argument is based on the claim that since a conspiracy was not alleged in the information it was prejudicial error to admit evidence of a conspiracy to commit burglary. This argument is fully answered in *People* v. *Tanner*, 3 Cal.2d 279, 299 [44 P.2d 324], where it was held that the fact that a conspiracy was not pleaded in the indictment did not preclude the prosecution from proving the existence of a conspiracy if one actually

existed. See also *People* v. *Terrell*, 138 Cal.App.2d 35, 54 [291 P.2d 155] and *People* v. *Massey*, 151 Cal.App.2d 623, 651 [312 P.2d 365].

Judgment and order affirmed.

Griffin, P. J., and Shepard, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 20, 1960.