[No. 20865.   In Bank. — May 6, 1892.]

THE PEOPLE, RESPONDENT, v. MICHAEL BARRY, APPELLANT.

94  481
e142   9
f142  10

CRIMINAL LAW — BURGLARY — ENTRY WITH CRIMINAL INTENT. — Under section 459 of the Penal Code, providing that every one who enters any house, room, or store, with intent to commit grand or petit larceny, or any felony, is guilty of burglary, the offense is perfect and complete when the entry is made with such intent.

ID. — COMMON-LAW BURGLARY — STATUTORY OFFENSE. — Common-law burglary and the statutory burglary of this state have but few elements in common, and the plain language of the statute must control as to the acts which constitute that crime in this state.

ID. — ENTRY INTO STORE WITH INTENT TO STEAL — PUBLIC ENTRANCE. — One who enters a store with the intention of committing larceny is guilty of burglary, although the entry was made through the public entrance during business hours. Such person is not one of the public invited, and has no right to enter.

ID. — STEALING IN BUILDING — EVIDENCE OF BURGLARY — PRIMA FACIE CASE. — The fact that a person attempts to steal while in a building, or that he is apprehended while in the act of stealing therein, without other circumstances proved, does not of itself establish a *prima facie* case of burglary.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Rutledge & Pressley, John G. Pressley, Thomas Rutledge,* and *J. C. Sims,* for Appellant.

*Attorney-General Hart, Deputy Attorney-General Layson,* and *District Attorney Burnett,* for Respondent.

GAROUTTE, J. — The appellant was convicted of the crime of burglary, and appeals to this court from the judgment and order denying his motion for a new trial.

The most important assignment of error relied upon to reverse the judgment may be reviewed by a consideration of a certain instruction which was requested to be given to the jury by appellant, and which request was refused by the court. The proposed instruction was based upon the evidence, which disclosed that the offense of burglary was committed, if committed at

all, by appellant entering a grocery store during business hours, and attempting to commit larceny therein. The instruction is as follows: "The defendant cannot be convicted of the crime if he had a right to enter the store of Murry & Seegelkin at the time alleged in the information, even if you believe from the evidence that at the time he entered he intended to commit larceny." Viewed in the light of section 459 of the Penal Code, which says: "Every person who *enters* any house, room, store, . . . . with intent to commit grand or petit larceny, or any felony, is guilty of burglary,"—the ruling of the court is correct. This section of the code is clear and concise, and its meaning obvious. By its express terms, the offense is perfect and complete when the entry is made with the intent to commit grand or petit larceny, or any felony.

At common law, burglary was defined to be " a breaking and entering of the mansion-house of another in the night, with the intent to commit some felony within the same, whether such felonious intent be executed or not." (Russell on Crimes, 785.)

It will thus be seen that common-law burglary and the statutory burglary of this state have but few elements in common, and consequently English cases give us but little light upon the question under examination. Even under the present section of the Penal Code many acts constitute burglary which but a few years ago were a different offense, or no offense whatever. As to the acts which shall constitute the crime of burglary, that is a matter left entirely to the policy of the legislature, within its constitutional powers; and when that body has said that every person who *enters a store* with the *intent* to commit larceny is guilty of a burglary, the language is so plain and simple that rules of statutory construction are not required to be consulted; the meaning is patent upon the face of the statute. No words are found in the statute qualifying the character, kind, time, or manner of the entry, save that such entry must be accompanied with a certain intent; and it

would be judicial legislation for this court to interpolate other conditions into the section of the code.

Appellant contends that a grocery store during business hours is a public place, and the defendant, as one of the public, had a legal right to be there, or rather to enter there; that the proprietors were doing business with the general public; the public were invited to enter; that therefore the defendant entered under an invitation of the owners, and that consequently his entry was lawful, and there can be no burglary when there is a lawful entry.   To this line of reasoning we can only say, a party who enters with the intention to commit a felony enters without an invitation.   He is not one of the public invited, nor is he entitled to enter.   Such a party could be refused admission at the threshold, or ejected from the premises after the entry was accomplished.   If the presence of such a party in the store is lawful, the fact that he gained ingress openly and publicly through the front door rather than clandestinely by way of the skylight or the cellar is not material, and the result would be that no burglary could be committed in a store during business hours, regardless of the nature of the entry. As supporting contrary views, appellant relies upon *State* v. *Newbegin*, 25 Me. 502, and *State* v. *Moore*, 12 N. H. 42.   The Maine case is not authority here, for the statute of that state, as at common law, requires that in order to constitute burglary there must not only be an entry, but also a breaking.   The facts were quite similar to those of the present case, and the court held that while the evidence disclosed an *entry with intent to commit a larceny* (exactly what is required by our statute), there was no evidence of a breaking, and necessarily ordered a new trial.

Quite a similar state of facts were present in *Clark* v. *Commonwealth*, 25 Gratt. 908, and the court held that there was no breaking, either actual or constructive, but said: " While the legislature might make such a change, we think it would be judicial legislation in us to do so."

In *State* v. *Moore*, 12 N. H. 42, the primary question

involved was as to the sufficiency of the evidence to show a criminal intent in entering the building, and does not reach the matter as to the character of the entry. The common-law element, to wit, the use of force by breaking in order to constitute burglary, was originally a part of our statute, but it has long since ceased to exist, by express enactment of the law-making power. As the law now reads the instruction was properly refused. Any other construction of the statute would interpolate words therein, and this we have no power to do. That the entry is made in the daytime, when the store is open for business, may render it more difficult to prove the criminal intent present in the mind of the defenl-ant when he enters; but that is a matter of evidence, and not a question of law.

The court refused to give to the jury the following instruction, asked by the defendant: "The fact that a person attempts to steal while in a building is not sufficient, without other circumstances proved, to cast on him the burden of proving himself not guilty of burglary." It is only in cases of homicide, where certain conditions exist, that the burden of proof ever shifts to the defendant, and to that extent the instruction may be somewhat misleading; but its plain intent is, that the single fact of a defendant being apprehended in a building while in the act of stealing does not, of itself, establish a *prima facie* case of burglary. The instruction states a correct proposition of law, and should not have been refused, especially in view of the peculiar facts of this case, where the entry was made during business hours, and by way of the public entrance. The instructions given upon the question of intent do not cure the error; and it may be said they are somewhat confusing in respect as to whether they refer to the intent with which the entry was made, or the intent of the defendant in manipulating the money-drawer.

Let the judgment be reversed and the cause remanded.

PATERSON, J., and SHARPSTEIN, J., concurred.

Beatty, C. J., dissenting. — I dissent.    I find no error in the record.

De Haven, J., — I concur in the judgment, but dissent from so much of the opinion of Mr. Justice Garoutte as seems to hold that one who enters the store of another with intent to commit larceny therein is guilty of burglary, although the entry was open, and with the actual and free consent of the owner.    I do not think that this is a correct interpretation of our statute defining the offense of burglary.    I think, in order to constitute a burglarious entry, the act of entering must be itself a trespass, — an intrusion into the building alleged to have been entered, an entry without the consent of the owner.    (*State* v. *Moore*, 12 N. H. 42.)    The evidence was wholly insufficient to justify the verdict in this case, and the jury should have been advised to acquit the defendant.

McFarland, J., and Harrison, J., concurred.