[Crim. No. 1071. Department One.—January 22, 1904.]

THE PEOPLE, Respondent, v. FRANK BRITTAIN et al., Appellants.

CRIMINAL LAW—BURGLARY—ENTRY IN STORE—BUSINESS HOURS—INTENT TO COMMIT LARCENY.—The entry in the crime of burglary need not of itself be a trespass; but the crime of burglary is made out where the evidence shows that the defendants entered a store in the night-time, during business hours, while it was open to the public, with the intent to commit larceny therein.

ID.—CROSS-EXAMINATION OF DEFENDANT—REMARK OF DISTRICT ATTORNEY—INSTRUCTION OF COURT.—Where upon the cross-examination of one of the defendants an objection to a question by the district attorney was properly sustained as immaterial, a remark by the district attorney to the opposite counsel in an undertone, in the hearing of a juryman, "That's getting on dangerous ground, is n't it?" though uncalled for, was not prejudicial, where the court immediately told the jury to pay no attention to statements by the attorneys, and that the case was being tried only on the evidence.

ID.—CROSS-EXAMINATION BY DEFENDANTS—HARMLESS RULING.—Conceding that an objection to a question by defendants' counsel on cross-examination of the prosecuting witness should have been overruled, the defendants were not prejudiced, where the evidence showed that the particular fact testified to by the witness about which the question was asked was not within the knowledge of the witness, but was fully proved by other witnesses.

APPEAL from a judgment of the Superior Court of Sonoma County and from an order denying a new trial. Carroll Cook, Judge presiding.

The facts are stated in the opinion.

Ross Campbell, for Appellants.

U. S. Webb, Attorney-General, J. C. Daly, Deputy Attorney-General, and C. H. Pond, District Attorney, for Respondent.

CHIPMAN, C.—Information charging defendants with the crime of burglary and a prior conviction of petit larceny. They were tried together, and found guilty. They appealed from the judgment of conviction and from the order denying their motion for a new trial.

The attorney-general makes the point that the appeal from the order cannot be considered, and that the only questions that can be reviewed arise on the appeal from the judgment as shown in the bill of exceptions.

1. We are disposed to treat the motion for a new trial as properly before us, and so will determine the principal point raised by the appeal. The point is, that the evidence does not sustain the charge of burglary, and this rests upon a statement taken from the dissenting opinion in *People* v. *Barry,* 94 Cal. 481,—namely, that "in order to constitute a burglarious entry, the act of entering must itself be a trespass—an entry without the consent of the owner." The evidence was sufficient to warrant the jury in finding that both defendants entered a certain store in Santa Rosa in the night-time with intent to commit larceny. The entry was, however, during business hours and while the store was open to the public. The precise question arose in *People* v. *Barry,* 94 Cal. 481, and was fully discussed in the majority opinion. The statute reads: "Every person who *enters* any house, room, store, . . . with intent to commit grand or petit larceny, or any felony, is guilty of burglary." Commenting upon this statute the court said: "As to the acts which shall constitute the crime of burglary, that is a matter left entirely to the policy of the legislature within its constitutional powers; and when that body has said that every person *who enters a store* with the *intent* to commit larceny is guilty of a burglary, the language is so plain and simple that rules of statutory construction are not required to be consulted; the meaning is patent upon the face of the statute. No words are found in the statute qualifying the character, kind, time, or manner of the entry, save

that such entry must be accompanied with a certain intent; and it would be judicial legislation for this court to inter-.polate other conditions into the section of the code.''

We have not the Montana Criminal Practice Act at hand, but in *Steele* v. *Green*, 15 Mont. 424, sections 73 and 74 are referred to, and in the opinion it is said: ''Burglary is defined by the statute to be the entering of any house, room, . . . store, . . . with intent to commit grand or petit larceny, or any felony.'' In *State* v. *Carroll*, 13 Mont. 246, the court said: ''To constitute burglary there must be the entry with the intent to commit grand or petit larceny or any felony.'' (Montana Crim. Prac. Act, sec. 73.) ''The entering, and such intent, are two elements going to constitute the offense of burglary.'' (See the interpretation given of the Nevada statute by Beatty, J., in *State* v. *Watkins*, 11 Nev. 30.)

These Montana and Nevada cases are cited in American and English Encyclopedia of Law (2d ed., vol. 5, p. 48) as holding that a breaking is not essential.

Under the earlier statutes defining burglary, defendants' contention might have been upheld. But as the law now stands it cannot be without overruling *People* v. *Barry*, 94 Cal. 481, which has governed the practice in this state since 1892, and has not been questioned, so far as we know, in any subsequent decision. Besides, in our opinion, that case was correctly decided, and ought not to be overruled.

It would be an impeachment of the common sense of mankind to say that a thief who enters a store with intent to steal does so with the owner's consent or upon his invitation. It is true the thief must have clothes and food, and may enter a store to procure them. And if, after he enters, he changes his mind and concludes to steal and not purchase his supplies, it would be larceny. But if it be proven that he entered with intent to steal, the law will not, in the face of such proof, shield him from punishment as a burglar on the assumption that he has the consent and invitation of the proprietor to so enter. Our statute has swept away many of the technical requisites of burglary under the common law.

2. It is claimed that the conduct of the district attorney in his cross-examination of defendant Johnson, while a witness in his own behalf, was prejudicial. A question put by the dis-

trict attorney was objected to and the objection was sustained. *"Mr. Thompson* (prosecuting attorney—in undertone addressed to Mr. Campbell [attorney for defendants], which was heard by one juryman).—That's getting on dangerous ground, is n't it? *Mr. Campbell.*—We take an exception to the remarks of the district attorney. *The Court.*—The jury will pay no attention to the statements made by the attorneys; we are trying this case on the evidence and not on the statements of any one else." The question objected to was whether the witness was with his co-defendant Brittain at Stockton, where it is admitted both of them were convicted of larceny in the same court on the same day. The question was immaterial, and the remark of the district attorney uncalled for, but was not prejudicial.

3. The only remaining error complained of occurred while the witness Rosenberg, proprietor of the burglarized store, was being cross-examined by defendants' attorney. He had testified that Johnson came into the store and said to witness's son that he wanted to look at an eight- or ten-dollar suit. He was asked: "Did you hear him say that?" and answered: "No, sir, I did not, but I saw him showing him the suits." Then follows the question to which an objection was sustained: "Then, as a matter of fact, what you testified to was what some one else told you?" He, however, immediately resumed his testimony and said: "I did not hear Johnson ask for the eight- or ten-dollar suit, but I saw the clothes he was looking at." Conceding that the objection should have been overruled, the defendants were not prejudiced by the ruling. The witness showed that the particular fact testified to by him was not within his own knowledge. Besides, the fact fully appeared in the testimony of other witnesses and substantially by the testimony of defendant Brittain also.

It is advised that the judgment and order should be affirmed.

Smith, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Angellotti, J., Shaw, J., Van Dyke, J.