[Crim. No. 541.  First Appellate District.—April 30, 1915.]

## THE PEOPLE, Respondent, v. BEN FERNS, Appellant.

CRIMINAL LAW—BURGLARY—INTENT—SUFFICIENCY OF EVIDENCE.—Where in a prosecution for the crime of burglary it was shown that the defendant resorted to a subterfuge to get possession of the room where the crime was committed and that he was seen thereafter leaving the place under suspicious circumstances and when arrested had in his possession certain of the stolen articles, the jury was justified in inferring that the defendant entered the place with the intention of committing larceny.

ID.—BREAKING NOT ESSENTIAL.—A breaking is not an essential element of the crime of burglary, as an entry of any character made for the purpose and with the intent to commit the crime of grand or petit larceny is sufficient.

ID.—EVIDENCE—VALUE OF STOLEN PROPERTY NOT ESSENTIAL.—The statute defining the offense of burglary provides that any person who enters a room with the intent to commit grand or petit larceny or any felony is guilty of burglary, and it is therefore unnecessary to show in such a prosecution that the property taken was of sufficient value to make the taking thereof a felony.

ID.—EVIDENCE—MISSING ARTICLES IN DEFENDANT'S POSSESSION.—Missing articles found on the person of the defendant at the time of his arrest and identified by the prosecuting witness as his property are admissible in evidence as a circumstance proper to place before the jury for their consideration in passing upon the guilt or innocence of the defendant.

ID.—IDENTIFICATION OF DEFENDANT—ORDER TO STAND UP—CONSTITUTIONAL RIGHTS NOT VIOLATED.—An order of court compelling a defendant to stand up for the purpose of being identified by a witness is proper, and does not compel the defendant to·become a witness against himself contrary to article I of section XIII of the state constitution.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a motion for a new trial.  William S. Wells, Judge.

The facts are stated in the opinion of the court.

T. L. Christianson, for Appellant.

U. S. Webb, Attorney-General, and Frank L. Guerena, Deputy Attorney-General, for Respondent.

THE COURT.—The defendant was convicted of the crime of burglary in the first degree, and this appeal is from the judgment and from an order denying the defendant's motion for a new trial.

The facts of the case pertinent to the decision of the points made in support of the appeal are substantially as follows: On the second day of February, 1914, the defendant occupied room 12 of a lodging-house in Oakland kept by one Charles Fong. In the room were a number of articles, including a suit case, a small camera case, an overcoat, a pair of shoes, a steamboat ticket, and some milk bottle tickets. The defendant left the place at about 9 o'clock the next morning. At about 12 o'clock he reappeared, and asked Charles Fong if he might occupy the same room that night. Fong replied that he would be using the room in the evening until 12 o'clock, and that probably for this reason the defendant would not want it. To this the latter made no reply, and the two separated. Later the defendant went to the wife of Fong, and told her that her husband had rented the room to him; whereupon Mrs. Fong delivered to him the key of the room. The next morning the defendant was seen leaving this room, and going in the direction of the street carrying a dress-suit case, and about 8 o'clock in the evening the articles enumerated above were missing. When arrested milk bottle tickets were found in the possession of the defendant, which he claimed belonged to him.

It is urged on behalf of the appellant that a breaking is an essential element of burglary; that the evidence shows that the entry was lawful, and hence that there could be no breaking. But the defendant resorted to a subterfuge to get possession of the room; he was seen leaving the place under suspicious circumstances, and when arrested he had in his possession certain personal property belonging to the prosecuting witness and taken from the room occupied by the defendant. The jury was justified in inferring from this evidence that the defendant entered the room with the intention of committing larceny; consequently, as to this element of the crime of burglary called in question by the appellant, the proof was sufficient. No matter what may be said of the character of his entry, as to whether or not it was lawful, if he entered the room for the purpose and with the intent to commit the crime of grand or pettit larceny, a perfect case

of burglary was established (Pen. Code, sec. 459; *People* v. *Barry,* 94 Cal. 481, [29 Pac. 1026]; *People* v. *Brittain,* 142 Cal. 8, [100 Am. St. Rep. 95, 75 Pac. 314].) In the former case the court held that one who enters a store with the intention of committing larceny, is guilty of burglary, although the entry was made through the public entrance during business hours. Such person is not one of the public invited, and he has no right of entry.

There is no merit in the appellant's next contention that there was no evidence to show that the property taken was of sufficient value to make the taking thereof a felony, for the reason that the statute defining the offense provides that every person who enters a room with intent to commit grand or petit larceny or any felony is guilty of burglary.

Equally without merit is the appellant's assertion that the milk checks were not sufficiently identified to warrant their admission in evidence. They were identified by the prosecuting witness as his property; and they having been found on the person of the defendant at the time of his arrest, were admissible in evidence, not as being sufficient in themselves to warrant or sustain his conviction, but as a circumstance which it was proper to place before the jury for their consideration in passing upon the guilt or innocence of the defendant (*People* v. *Lang,* 142 Cal. 482, [76 Pac. 222]).

It is next urged by counsel for the appellant that by compelling the defendant to stand up at the time of the trial for the purpose of being identified by a witness, defendant was obliged to be a witness against himself, contrary to article I of section 13 of the state constitution. It is settled law in this state that an order of court compelling the defendant to stand up for identification by a witness is proper, and does not compel the defendant to become a witness against himself. (*People* v. *Goldenson,* 76 Cal. 328, [19 Pac. 161]; *People* v. *Oliveria,* 127 Cal. 376, 380, [59 Pac. 772].) There is therefore no merit in this contention of appellant.

There is no pretense that the appellant was not fully advised by the information as to the precise charge against him; and we have no doubt that the information sufficiently stated a public offense to support the judgment.

No error was committed by the trial court in its instructions to the jury.

The judgment and order are affirmed.