[Crim. No. 816.    Fourth Dist.    July 14, 1950.]

THE PEOPLE, Respondent, v. WILLIAM ARNOLD OWENS, Appellant.

J. M. Lopes for Appellant.

Fred N. Howser, Attorney General and Gilbert Harelson, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with grand theft of a diamond ring, in each of two counts, and in three other counts with second degree burglary. His motion for a directed verdict having been denied he rested without presenting evidence or taking the stand. A jury found him guilty on all

five counts. An application for probation and a motion for a new trial were denied. He was sentenced on all five counts, the sentences on the grand theft charges to run consecutively and the others concurrently, He appeals from the judgment and the order denying a new trial.

It is first contended that the evidence is insufficient to sustain the judgment as to any of the charges. One charge of grand theft and one charge of burglary relate to a diamond ring worth $1,200 taken from a jewelry store in Lindsay on August 12, 1949. A son of the jeweler, who was alone in the store at the time, testified that he saw a man looking at diamonds in the window; that this man came in and asked to see a diamond ring in a "fish tail" mounting; that the man looked at several rings from the showcase; that he went to the window for another whereupon the man said there was nothing in the window he liked; that as he returned from the window this man said "Well, I like that, my wife is in the car down in front of the bank, and I will go down and get her and bring her back to see it"; that the man then hurriedly left; that there were several other rings on the counter at the time; and that he later discovered that this ring was gone.

The evidence clearly discloses that later that same day the appellant sold the missing ring to one Coleman for $450. When he was arrested two months later the appellant told the officers that he had never heard of a man named Davis, and denied that he had been involved in any ring transaction with either Davis or Coleman. Later, he admitted to them that he had sold a ring to Coleman for $450 but claimed that he did this for Davis who had promised him $50 for making the sale. While the clerk in this jewelry store believed that the appellant was the man who had thus looked at rings, he was unable to positively identify him. The other evidence removes any reasonable doubt, which might otherwise appear, in this connection. The evidence supports the judgment as to these counts.

Another grand theft count and another burglary count relate to the taking of a $775 diamond ring from a jewelry store in Dinuba on August 15, 1949. This jeweler testified that on this occasion the appellant asked to see a "fish tail" ring about ½ a carat in size; that he showed him one ring but appellant said it was larger than he wanted; that he left this ring on the counter and went to the window to get a smaller one, which he showed to the appellant; that the appellant said the smaller one was exactly what he wanted and that he would

like his wife to see it; that after a little further conversation the appellant said he would bring his wife in to see it "either tonight or tomorrow morning" and then hurriedly left; that he set the ring boxes in the case and walked to the watch counter; that one of his clerks remarked that something was funny, so he returned to the diamond counter; that he then found that the larger ring he had shown the appellant was gone; and that there were no customers in the store from the time the appellant left until the ring was missed. This witness and two of his clerks positively identified the appellant as the man who was in the store. Ample evidence appears in this connection.

The other count related to an incident in another jewelry store in Lindsay about the middle of August, 1949. The jeweler testified that the appellant asked to see a diamond ring about ½ carat in size; that he looked for a particular ring in the showcase on the counter and in the window; that while he was at the window he noticed the end of a ring box in appellant's left hand; that appellant's hands were at his side, his left hand being cupped; that he said "Oh, you have it there" and appellant replied "Yes, I was looking at it"; that the appellant then put his hands on the counter and had this lady's ring in his right hand and the box in his left hand; that appellant then said he wanted a larger ring, about a carat in size, and he showed him one which the appellant said he liked very much; and that appellant then said he would return with his sister, and left. He and his wife both identified the appellant as the man who had been in the store. Coleman also testified that a few days after he bought the other ring from the appellant the appellant asked him if he would be interested in a lady's diamond ring. While the appellant did not take the ring in this instance, his method of operation was the same at all three places and he offered no explanation of his unusual actions. The evidence justifies the inference that the appellant entered all three of these stores with the intent to steal diamond rings, and sufficiently supports the judgment with respect to this count.

It is further contended that the court erred in denying motions for a directed verdict and for a new trial. These points are also based upon the claimed insufficiency of the evidence and require no further consideration.

The judgment and order are affirmed.

Mussell, J., concurred.