[Crim. No. 7069.  In Bank.  July 24, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN JOSEPH DEPTULA, Defendant and Appellant.

Ellery E. Cuff, Public Defender, Maxwell M. Spencer and James L. McCormick, Deputy Public Defenders, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Plaintiff and Respondent.

GIBSON, C. J.—Defendant was charged by information with the murder of Roger Allen Mosser, and after a psychiatrist appointed by the court had reported that defendant was legally sane, he entered a plea of guilty and waived a jury trial. The court determined that the murder was committed in the perpetration of both burglary and robbery and was therefore murder of the first degree.[1] The issue of penalty was then tried, and the court fixed defendant's punishment at death. His motion for a new trial was denied, and the appeal comes to us automatically under the provisions of subdivision (b) of section 1239 of the Penal Code.

Defendant was employed by Donald Godard as a manager in connection with the operation of a bowling alley, café and bar, located in Los Angeles. His usual working hours were from 9 a. m. to 6 or 7 p. m. He was given keys to the bowling alley and was furnished with combinations to the safes. His duties included obtaining change from the "change safe" and placing "change bags" and "his deposit bag" in the safes at night, but he did not have permission to remove money from the premises.

Mosser worked at the bowling alley between 1 a. m. and 9 a. m., doing janitorial and maintenance work, taking care of any customers who were present after 1 a. m., and closing the

---

[1] Section 189 of the Penal Code provides: "All murder which is perpetrated by means of poison, or lying in wait, torture, or by any other kind of wilful, deliberate, and premeditated killing, or which is committed in the perpetration or attempt to perpetrate arson, rape, robbery, burglary, mayhem, or any act punishable under Section 288, is murder of the first degree; and all other kinds of murders are of the second degree."

doors and locking up after they had left. On July 16, 1961, about 9 a. m., defendant telephoned Godard from the bowling alley, telling him that the safes were open, the money was gone, and Mosser was not there. Godard went to investigate and found that approximately $1,760 was missing. Defendant informed Godard that he had called the police, and when they arrived defendant and Godard reported that it was their theory that Mosser had opened the safe, taken the money, and disappeared.

About two weeks later a forest ranger discovered a dismembered body, subsequently identified as Mosser's, in a pit toilet in a recreational area in San Gabriel Canyon. Moneybags found with the body were identified as those used in the operation of the bowling alley. In the opinion of the doctor who performed an autopsy death was caused by "a blunt-force injury to the head with skull fractures and intracerebral hemorrhage."

Defendant, when questioned by the police, made two free and voluntary confessions, and, although the confessions differed in some respects, defendant admitted in both of them that he had killed Mosser. Taken in the light most favorable to the prosecution, the confessions were to the effect that he went to the bowling alley about 5:30 a. m. on July 16, after having lost some money gambling. He owed money to his landlady and intended to "take the money from the bowling alley if Al Mosser was asleep; if not, he would do some work." He used his own key to enter and, while standing by the door of the office, saw Mosser sleeping in a chair inside the office. He went to a place about 150 feet away where bowling pins were located, picked up one of the pins, came back to the office, and struck Mosser on the head with the pin. He walked across the office to the safes, leaving the pin on a desk nearby. After opening the safes he thought he observed Mosser move, and he picked up the pin, went over to Mosser, and again struck him on the head. Defendant removed the money remaining in the safes, wiped the safes and bowling pin clean with a towel, and returned the pin to the pit from which he had taken it. He took Mosser's body to his apartment, where he kept it for several days and then dismembered the body and disposed of it.

The sole question presented is whether the evidence is sufficient to show that the murder was of the first degree. The trial court, as we have seen, determined that the murder was committed in the perpetration of burglary and of robbery.

If its determination was warranted as to either of these felonies, it will, of course, be unnecessary to consider whether there is sufficient evidence with respect to the other.

Burglary is defined as follows: "Every person who enters any house, room ... or other building ... with intent to commit grand or petit larceny or any felony is guilty of burglary." (Pen. Code, § 459.) Defendant contends that under a proper construction of the statute the entry must be a trespass in order to constitute an element of burglary and that he could permission to enter. ▇▇ However, the settled interpretation of the statute is that one who enters a room or building with intent to commit larceny is guilty of burglary even not be found guilty of the offense because, as manager, he had though express or implied permission to enter has been given to him personally or as a member of the public. (*People* v. *Brittain,* 142 Cal. 8, 9-10 [75 P. 314, 100 Am.St.Rep. 95]; *People* v. *Lowen,* 109 Cal. 381, 383 [42 P. 32]; *People* v. *Barry,* 94 Cal. 481, 482 [29 P. 1026]; *People* v. *Wilson,* 160 Cal.App. 2d 606, 608 [325 P.2d 106]; *People* v. *Garrow,* 130 Cal.App.2d 75, 83 [278 P.2d 475]; *People* v. *Owens,* 98 Cal.App.2d 485, 486-487 [220 P.2d 575]; *People* v. *Vitos,* 62 Cal.App.2d 157, 159-160 [144 P.2d 393]; *People* v. *Corral,* 60 Cal.App.2d 66, 71 [140 P.2d 172]; *People* v. *Sparks,* 44 Cal.App.2d 748, 749-750 [112 P.2d 974]; *People* v. *Ferns,* 27 Cal.App. 285, 286-287 [149 P. 802].)

▇▇ There is ample evidence to support the finding that Mosser was murdered by defendant and that the killing was committed in the perpetration of burglary.

The judgment and the order denying a new trial are affirmed.

Traynor, J., Schauer, J., McComb, J., Peters, J., and White, J., concurred.