WILLIAM TROY THOMAS, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 10133

September 28, 1978 584 P.2d 674

*William N. Dunseath,* Public Defender, and Michael B. McDonald, Deputy Public Defender, Washoe County, for Appellant.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,* District Attorney, and *John L. Conner,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Appellant William Troy Thomas was convicted, upon a jury

verdict, of burglary (NRS 205.060) and battery with intent to commit rape, causing substantial bodily harm (NRS 200.400).

Appellant assigns as error: (1) the judges' failure to grant appellant's requests for a change of counsel, (2) the judge's failure immediately to admonish the jury upon his decision that appellant must be bound and gagged, (3) the judge's failure to admonish the jury, *sua sponte,* to ignore certain remarks of the prosecutor during oral argument, and (4) the conviction of appellant for burglary upon evidence showing that he entered the victim's room with her consent.

1.   *Requests for Change of Counsel.*

As an indigent defendant, appellant was assigned counsel from the Public Defender's office. On April 29, 1977, Mr. McNabney of that office represented appellant at his preliminary hearing. Appellant, against the advice of Mr. McNabney, chose to waive the hearing. On May 24, 1977, Mr. McNabney filed a motion to be relieved, citing "substantial conflict" between appellant and himself, and appellant's failure to cooperate with counsel in his defense. A hearing on the motion was conducted the following day by Judge James J. Guinan. Appellant was given a full opportunity to present his objections, citing the advice of counsel regarding the preliminary hearing, and Mr. McNabney's discussion of the option of pleading guilty to forcible rape. The judge denied the request that private counsel be appointed at public expense.

On the morning of the trial, June 13, 1977, appellant interrupted the questioning of jurors to inform the court that he was going to retain private counsel. After consultation, and outside the presence of the jury, Mr. McNabney informed the court that appellant said he had the means, and wished to hire a private attorney. In response to questioning by the court, however, appellant claimed only to have money "coming". The court denied the request as coming too late in the proceedings.

"The right to counsel of one's own choosing is not absolute." United States *ex rel.* Baskerville v. Deegan, 428 F.2d 714, 716 (2d Cir.), *cert. denied* 400 U.S. 928 (1970).

"A defendant is not entitled to reject his court-appointed counsel and request substitution of other counsel at public expense absent a showing of adequate cause for such a change." Junior v. State, 91 Nev. 439, 441, 537 P.2d 1204 (1975). The decision whether friction between counsel and client justifies appointment of new counsel is entrusted to the sound discretion of the trial court, Jackson v. United States,

412 F.2d 149, 151 (D.C. Cir. 1969), and should not be disturbed on appeal in the absence of a clear showing of abuse. Good v. United States, 378 F.2d 934, 935 (9th Cir. 1967).

The primary contention of counsel on appeal is that the trial court did not adequately inquire into the problem. He cites Brown v. Craven, 424 F.2d 1166 (9th Cir. 1970), where the court held that the *summary* denial of motions for new counsel, addressed to the court considerably in advance of trial, was an abuse of discretion. The holding is inapplicable to the facts of this case. Appellant was given a full opportunity at a pretrial hearing, and at trial, to present his grounds for objection to the trial court.

Nor is any abuse of discretion revealed in the denials of appellant's requests. "A defendant cannot base a claim of inadequate representation upon his refusal to cooperate with appointed counsel. Such a doctrine would lead to absurd results." Shaw v. United States, 403 F.2d 528, 529 (8th Cir. 1968). Nor is suggestion by counsel that a defendant plead guilty sufficient "cause" for demanding a substitution. People v. Norman, 60 Cal.Rptr. 609, 626 (Cal.App. 1967). The judge's denial of appellant's request on the day of the trial, which would have necessitated a continuance, was justified in the circumstances. United States v. Sexton, 473 F.2d 512 (5th Cir. 1973); Good v. United States, *supra;* United States *ex rel.* Baskerville v. Deegan, *supra;* United States v. Bentvena, 319 F.2d 916, 934–35 (2d Cir.), *cert. denied* 375 U.S. 940 (1963); NRS 175.383.

Appellant has demonstrated no abuse of discretion in the denials of appellant's requests for new counsel.

2. *Admonition to the Jury.*

Following several disruptive and disrespectful outbursts by appellant during the jury selection process, two of which came after a clear warning by the trial judge of the consequences of such behavior, appellant was handcuffed and tape was placed over his mouth.

Appellant's first interruption of the trial proceedings came during jury selection. After his initial outburst, and over appellant's protest, the court directed appellant to proceed to the jury room for a conference with his counsel. Upon their return, and outside the presence of the jury panel, the court warned appellant that if he would not be quiet during the proceedings the court would have him gagged and handcuffed. The appellant responded, "Well, gag and handcuff me." The court

replied that that would not be done unless it became necessary. "Well, it is necessary. . . .", appellant replied. Return of the jury was followed by two further outbursts from appellant. Appellant was then handcuffed, and tape was placed over his mouth. Selection of the jury panel continued, and potential jurors were each questioned generally or specifically about the effect of their reactions to what they had witnessed upon their ability to judge the case impartially. At various points in the trial, outside the presence of the jury, the judge informed appellant that the restraints would be removed if he were willing to abstain from further interruptions. Appellant gave no indication of his willingness to do so. At the conclusion of the trial, the jurors were instructed as follows:

> The defendant has been bound and his mouth taped during the course of this trial. This was done upon the order of this court in order that the trial could proceed without interruption. This should not be considered by you in arriving at your verdict.

Counsel on appeal contends that the trial court erred in failing, on its own motion, to issue an *immediate admonition* to the jury to disregard the measures taken to prevent further disruptions by appellant. Counsel has cited no authority for the imposition of such a requirement.

The Supreme Court of California has imposed upon a judge who determines that physical restraints are necessary the duty of giving the jury such an instruction *at some point* in the trial. People v. Duran, 545 P.2d 1322 (Cal. 1976). *See also* ABA Standards, Trial by Jury § 4.1(c), at 92 (Approved Draft, 1968); State v. Roberts, 206 A.2d 200, 205 (N.J. Super. 1965). That sound practice was followed in the case at hand, as the jury was so instructed. Furthermore, in the context of the questions and comments addressed by both counsel to the potential jurors during the selection process which immediately followed the imposition of the restraints, it appears that the incident could have no prejudicial effect upon the jury's determination of the guilt or innocence of appellant.

There is no merit to this assignment of error.[1]

3. *Prosecutorial Misconduct.*

---

[1]We also note that the alternative of binding and gagging a disruptive defendant, while not constitutionally impermissible, Illinois v. Allen, 397 U.S. 337, 343–44 (1970), and authorized by NRS 175.387(1)(a), has been criticized by the High Court, which indicated a strong preference for the exclusion of such defendants from the courtroom, whenever a contempt citation would be ineffective (Illinois v. Allen, *supra,* 397 U.S. at 344). *See also* ABA Standards, The Function of the Trial Judge § 6.8, and commentary, at 88–90 (Approved Draft, 1972).

The prosecutor during his closing argument suggested to the jury that they not be sympathetic to the appellant because the court had ordered him bound and gagged. He also commented on appellant's failure to look the "victim in the eye" when she had testified. Appellant claims such conduct constituted prejudicial error, compelling reversal. We do not agree. There was no objection made to the statements when made and we shall not now consider them on appeal. Williams v. State, 93 Nev. 405, 566 P.2d 417 (1977); Sorce v. State, 88 Nev. 350, 497 P.2d 902 (1972); Bonnenfant v. State, 86 Nev. 393, 469 P.2d 401 (1970).

4. *Consent to Entry as Defense to Burglary.*

As appellant conceded in oral argument, this assignment of error is disposed of by our recent holding in State v. Adams, 94 Nev. 503, 581 P.2d 868 (1978), that under Nevada's burglary statute[2] consent to entry was not a defense, so long as the defendant was shown to have made the entry with larcenous intent. There is no basis for distinguishing this case, either on the ground that consent was express, rather than implied, *see* People v. Deptula, 373 P.2d 430, 431–32 (Cal. 1962); State v. Baker, 161 N.W.2d 864 (Neb. 1968), or that the specific intent in question was felonious rape rather than larceny, *see* Flynn v. State, 93 Nev. 247, 562 P.2d 1135 (1977). There is, therefore, no merit to this assignment of error.

The judgment of conviction is affirmed.

---

[2]NRS 205.060

"1. *Every person who,* either by day or night, *enters any* house, *room,* apartment, tenement, shop, warehouse, store...[etc.], *with intent to commit* grand or petit larceny, or *any felony, is guilty of burglary.*"

. . . .

(Emphasis added.)