[No. C008476. Third Dist. Jan. 13, 1992.]

THE PEOPLE, Plaintiff and Appellant, v.
NICHOLAS ANDRE SALEMME, SR., Defendant and Respondent.

## COUNSEL

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Michael Weinberger, and Susan Rankin Bunting, Deputy Attorneys General, for Plaintiff and Appellant.

Holloway & Tauman and Leonard K. Tauman for Defendant and Respondent.

Melissa K. Nappan as Amicus Curiae on behalf of Defendant and Respondent.

## OPINION

**SCOTLAND, J.**—This case poses the question whether defendant's alleged entry into the home of an intended victim for the purpose of selling fraudulent securities constituted burglary. Defendant contends it did not because the purpose of our state's burglary statutes is "to protect against dangers inherent in intrusion" and, on the facts of this case, "there could be no danger from the mere entry of [the victim's] residence [for the purpose of selling fraudulent securities]." The People retort that defendant committed burglary when he entered the victim's residence to commit a felony, sale of fraudulent securities (Corp. Code, §§ 25110, 25401, 25540), whether or not the entry presented an imminent threat of physical harm to the victim. In the People's view, California's burglary statutes (Pen. Code, §§ 459, 460) encompass an entry into a structure with the intent to commit *any* felony, not just "felonies of violence or felonies which may induce a violent response from the victim."

For reasons which follow, we conclude that a person who enters a structure enumerated in Penal Code section 459 with the intent to commit

*any* felony is guilty of burglary except when he or she (1) has an unconditional possessory right to enter as the occupant of that structure or (2) is invited in by the occupant who knows of and endorses the entrant's felonious intent. Since neither condition was satisfied in this case, defendant's alleged entry constituted burglary even though the act may have posed no physical danger to the victim who had invited defendant in to purchase securities from him.

We also reject the contention of amicus curiae that defendant's prosecution for violating our state's burglary statutes is precluded because Corporations Code sections 25110 and 25401 are specific statutes covering his conduct.

## FACTS

At the preliminary examination in this action, the People introduced evidence that, on two occasions, defendant entered the home of William Zimmerman with the intent to sell him fraudulent securities and that defendant twice succeeded in convincing Zimmerman to purchase the securities. The victim initially invested $9,900. He later spent an additional $1,100.

By amended information, defendant was charged with two counts of burglary (Pen. Code, §§ 459, 460), two counts of selling unregistered securities (Corp. Code, § 25110), and two counts of selling securities by means of misleading statements and omissions of material facts (Corp. Code, § 25401).

Pursuant to Penal Code section 995, defendant moved to set aside the burglary counts. He argued the evidence elicited at the preliminary hearing was insufficient to support the charges because "the purpose of the burglary laws are [*sic*] to protect against dangers inherent in intrusion; no such situation arises on the facts of this case." The trial court agreed and granted the motion. The People appeal. (Pen. Code, § 1238, subd. (a)(8).)

## DISCUSSION

### I

Penal Code section 459 provides in pertinent part: "Every person who enters any house . . . or other building . . . with intent to commit grand or petit larceny or *any* felony is guilty of burglary. . . ." (Italics added; further statutory references are to the Penal Code unless otherwise specified.)

A century ago, our Supreme Court held that an entry into a store with the intent to commit larceny constituted burglary under section 459. (*People* v.

*Barry* (1892) 94 Cal. 481, 482-484 [29 P. 1026].) Noting that "common law burglary and the statutory burglary of this state have but few elements in common," the court concluded: "the language [of section 459] is so plain and simple that rules of statutory construction are not required to be consulted; the meaning is patent upon the face of the statute. No words are found in the statute qualifying the character, kind, time, or manner of the entry, save that such entry must be accompanied with a certain intent; and it would be judicial legislation for this court to interpolate other conditions into the section of the code." (*Id.*, at pp. 482-483.)

For 83 years, this plain meaning applied: *any* entry with the intent to commit a felony into *any* structure enumerated in section 459 constituted burglary *regardless of the circumstances of the entry*. (E.g., *People* v. *Sears* (1965) 62 Cal.2d 737, 746 [44 Cal.Rptr. 330, 401 P.2d 938]; *People* v. *Deptula* (1962) 58 Cal.2d 225, 228 [23 Cal.Rptr. 366, 373 P.2d 430]; *People* v. *Brittain* (1904) 142 Cal. 8, 10 [75 P. 314]; *People* v. *Edwards* (1971) 22 Cal.App.3d 598, 602 [99 Cal.Rptr. 516]; *People* v. *Garrow* (1955) 130 Cal.App.2d 75, 83 [278 P.2d 475].)

In 1975, the Supreme Court revisited the issue of statutory interpretation of section 459 when the court was presented with the question whether a person can burglarize his or her own home. (*People* v. *Gauze* (1975) 15 Cal.3d 709 [125 Cal.Rptr. 773, 542 P.2d 1365].) Examining "the purposes underlying common law burglary and how they may have been affected by the enactment of the Penal Code," the court concluded that the plain meaning of the statute is inconsistent with its purpose when applied to one accused of burglarizing his or her own home. (*Id.*, at pp. 712-716.) The court reasoned as follows:

In enacting section 459, "the Legislature has preserved the concept that burglary law is designed to protect a possessory right in property, rather than broadly to preserve any place from all crime." (15 Cal.3d at p. 713 [a possessory right is the right to exert control over property to the exclusion of others (Black's Law Dict. (5th ed. 1979) p. 1049)].) Thus, a "burglary remains *an entry which invades a possessory right in a building.* And it still must be committed by a person who has no right to be in the building." (15 Cal.3d at p. 714; italics added.)

A person has a right to be in a structure when he or she has an unconditional possessory right to enter (as in *Gauze* where the accused had the right to enter his own home, even for a felonious purpose) or where the person has expressly or impliedly been invited to enter and does so for a lawful reason. (15 Cal.3d at p. 714.) " '[A] party who enters with the intention to commit

[larceny or] a felony enters without an invitation. He is not one of the public invited, nor is he entitled to enter. Such a party could be refused admission at the threshold, or ejected from the premises after the entry was accomplished.' " (*Id.*, at p. 713, quoting *Barry, supra,* 94 Cal. at p. 483.) Therefore, a person who enters a store with the intent to commit petty theft or a felony can be convicted of burglary even though he or she enters during regular business hours while the store is open to the general public. (15 Cal.3d at p. 713.)

"Applying the foregoing reasoning, [the Supreme Court] conclude[d] that defendant cannot be guilty of burglarizing his own home. His entry into the apartment, even for a felonious purpose, *invaded no possessory right of habitation*; . . . More importantly, defendant had an absolute right to enter the apartment. . . . It was a personal right that could not be conditioned on the consent of the defendant's roommates. Defendant could not be 'refused admission at the threshold' of his apartment, or be 'ejected from the premises after entry was accomplished.' . . . He could not, accordingly, commit a burglary in his own home." (15 Cal.3d at p. 714, quoting *Barry, supra,* 94 Cal. at p. 483; italics added.)

Four years later, the Supreme Court reiterated that its holding in *Gauze* was predicated on the fact the accused had an unconditional right to enter the structure in question and thus did not invade a possessory right of habitation. The court emphasized: "The law after *Gauze* is that one [who enters a structure with the intent to commit petty theft or a felony] may be convicted of burglary even if he enters with consent, *provided he does not have an unconditional possessory right to enter.*" (*People v. Pendleton* (1979) 25 Cal.3d 371, 382 [158 Cal.Rptr. 343, 599 P.2d 649]; italics added.)

Following this premise, the Court of Appeal in *People v. Superior Court (Granillo)* (1988) 205 Cal.App.3d 1478 [253 Cal.Rptr. 316] held that one who enters a structure with the intent to commit a felony cannot be convicted of burglary when invited in by the occupant *who knows of and endorses the felonious intent.* In *Granillo,* the accused entered an undercover officer's apartment upon invitation of the officer who knew the accused was in possession of stolen property he wanted to sell. The invitation and entry were orchestrated by the police in an effort to catch criminals in the act and recover stolen property. Commenting that "the burglary law is *designed to protect a possessory right in property* against intrusion and the risk of harm," the court concluded it "would be contrary to the primary basis of the burglary law" to find the accused guilty of burglary. (*Id.,* at p. 1485; italics added.) The court reasoned that this was not a situation where the occupant was ignorant of the accused's felonious intent and would have refused admission at the threshold or ejected the accused after entry if the occupant

had known thereof. Rather, the officer consented to the entry with the expectation not only that the accused had the intent to commit a felony but also that he would in fact commit the felony once inside. In essence, the court held that, by entering with occupant's "informed consent" to commit a felony, the accused had an unconditional right to enter the apartment and thus did not invade a possessory right of habitation.

■ We learn from these cases that, since burglary is a breach of the occupant's possessory rights, a person who enters a structure enumerated in section 459 with the intent to commit a felony is guilty of burglary *except* when he or she (1) has an unconditional possessory right to enter as the occupant of that structure or (2) is invited in by the occupant who knows of and endorses the felonious intent.

Neither condition was satisfied in this case. Nevertheless, defendant argues his alleged entry did not constitute burglary because the act posed no physical danger to the victim who had invited defendant in to negotiate the sale of securities.

It is true that dicta in *Gauze* and *Granillo* indicate one of the purposes of California's burglary laws is to protect against the dangers to personal safety created by the "usual burglary situation." (*Gauze, supra,* 15 Cal.3d at p. 715; *Granillo, supra,* 205 Cal.App.3d at p. 1485.) However, as noted above, the primary purpose is to protect a possessory right in property. Thus, if there is an invasion of the occupant's possessory rights, the entry constitutes burglary regardless of whether actual or potential danger exists.

For example, the shoplifter who surreptitiously enters a store with the intent to steal commits burglary even though his or her clandestine effort to slip merchandise into a jacket does not necessarily threaten anyone's personal safety. Defendant has not distinguished the shoplifting scenario from this case and, in our view, there is no logical way to do so. As in the shoplifting cases, defendant did not have an unconditional possessory right to enter the victim's residence. Rather, he allegedly did so with the victim's uninformed consent, i.e., his lack of knowledge of defendant's felonious intent. Had the victim known thereof, he could have refused admission at the threshold or ejected defendant after entry was accomplished. Consequently, defendant's alleged entry constituted burglary regardless of whether his intent "to swindle the victim out of money by misleading him into buying unqualified securities" posed a physical danger to the victim.[1]

In effect, defendant would write into section 459 the requirement that the perpetrator must intend to commit a felony which poses a physical danger to

---

[1]Aside from the shoplifting cases, there are numerous other decisions which have upheld burglary convictions where the entries with the intent to commit theft or a felony posed no physical danger to anyone. The most illustrative example is *People* v. *Ravenscroft* (1988) 198

the victim, rather than "any felony" as specified by the Legislature. This interpretation is not compelled by the purpose of the burglary statutes as discussed above and would constitute impermissible judicial legislation. Moreover, it creates an unworkable test. Whether a felonious entry poses a physical danger to the victim is fact specific; it depends not on the particular felony, but on the sophistication of the perpetrator, the potential for detection, and the reactions of the victim and perpetrator if the felonious purpose is detected. It is not unreasonable to envision a fraudulent securities transaction where, upon probing questioning about the purchase, the victim discovers the illegality, attempts to call the police, and is attacked by the perpetrator. Other than speculation, how is one to determine whether such a potential threat existed in this case? On the other hand, there are residential burglaries which pose no physical danger to the victim, as where the perpetrator breaks into a house knowing the occupants are away on vacation. Would defendant argue this is not a burglary simply because it poses no physical threat to the victims?

For the reasons we have stated, the trial court erred in setting aside the burglary counts.

## II

 California Attorneys for Criminal Justice (CACJ) has filed an amicus curiae brief on defendant's behalf, contending his prosecution under the "general" burglary statutes (Pen. Code, §§ 459, 460) is precluded because Corporations Code sections 25110 and 25401 are specific statutes covering his conduct.[2] The contention has no merit.

 Ordinarily, when a general criminal statute standing alone includes the same matter as a special criminal statute, the special act is considered an

---

Cal.App.3d 639 [243 Cal.Rptr. 827], in which the court held that the insertion of an automatic teller machine (ATM) card into an ATM to effectuate larceny constitutes burglary.

[2]Corporations Code section 25110 provides: "It is unlawful for any person to offer or sell in this state any security in an issuer transaction (other than in a transaction subject to Section 25120), whether or not by or through underwriters, unless such sale has been qualified under Section 25111, 25112, or 25113 (and no order under Section 25140 or subdivision (a) of Section 25143 is in effect with respect to such qualification) or unless such security or transaction is exempted under Chapter 1 (commencing with Section 25100) of this part."

Corporations Code section 25401 provides: "It is unlawful for any person to offer or sell a security in this state or buy or offer to buy a security in this state by means of any written or oral communication which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading."

Corporations Code section 25540 makes a violation of section 25110 punishable alternatively as a misdemeanor or felony, and a violation of section 25401 punishable by fine and/or imprisonment in state prison.

exception to the general act whether it was passed before or after the general statute. (*People* v. *Jenkins* (1980) 28 Cal.3d 494, 501 [170 Cal.Rptr. 1, 620 P.2d 587]; *In re Williamson* (1954) 43 Cal.2d 651, 654 [276 P.2d 593].) Hence, "[p]rosecution under a general statute is precluded by a special statute when the general statute covers the same matter as, and thus conflicts with, the special statute." (*People* v. *Ruster* (1976) 16 Cal.3d 690, 694 [129 Cal.Rptr. 153, 548 P.2d 353, 80 A.L.R.3d 1269]; see also *Jenkins, supra,* at p. 505.) For example, in 1961 when an accused used a stolen credit card to make purchases, thereby violating then-section 484a, subdivision (b)(6) proscribing the misuse of credit cards, the People had no power to prosecute him under the general forgery statute, section 470. (*People* v. *Swann* (1963) 213 Cal.App.2d 447 [28 Cal.Rptr. 830]; see also *Ruster, supra,* at p. 690.)

This doctrine is a rule designed to ascertain and carry out legislative intent. (*Jenkins, supra,* 28 Cal.3d at p. 505.) If it appears from the entire context of the enactments that a violation of a special statute will necessarily or commonly result in a violation of the general statute, the fact the Legislature "has enacted a specific statute covering much the same ground as a more general law is a powerful indication that the Legislature intended the specific provision alone to apply." (*Ibid.*) In the *Swann* scenario discussed above, the Legislature unquestionably contemplated that the special statute governing misuse of credit cards would be violated by means of the more general forgery statute, i.e., that in order to misuse a credit card the violator commonly must forge the signature of the card holder. (*Id.,* at pp. 502-503.)

The same cannot be said here. A violation of Corporations Code section 25110 or 25401 will not necessarily or commonly result in violation of the burglary statutes. We can think of numerous situations in which one can engage in the sale of fraudulent securities without committing burglary. For example, fraudulent securities violations commonly will be committed on a premises owned or occupied by the violator, thus precluding prosecution under the burglary statutes even if it can be shown that the violator entered the premises with the felonious intent to sell fraudulent securities. (See pt. I, *ante.*) In other instances, the violator may decide to engage in the sale of fraudulent securities only after he or she has entered the structure in which the violation ultimately occurs. Surely, it cannot be said that, in enacting Corporations Code sections 25110 and 25401, the Legislature unquestionably contemplated these laws would be breached by means of a burglary violation and, thus, intended to preclude a burglary prosecution for the act of entering a victim's home with the intent to sell fraudulent securities. To the contrary, in defining the crime of burglary the Legislature specified that an entry with the intent to commit *any* felony could be charged as a burglary.

Taken to its logical extreme, CACJ's argument would nullify California's burglary statutes. In every instance of burglary, the perpetrator enters with

the intent to commit a specific crime. In each instance, the intended crime cannot be committed without first committing burglary. Would CACJ argue the Legislature intended that one cannot be convicted of burglary for entering a residence with the intent to commit petty theft where the perpetrator accomplishes the theft and, thus, can be prosecuted under the more specific theft statute which carries a lesser penalty than residential burglary? Such an absurd construction must be rejected. (*In re Head* (1986) 42 Cal.3d 223, 232 [228 Cal.Rptr. 184, 721 P.2d 65]; *People* v. *Catelli* (1991) 227 Cal.App.3d 1434, 1448-1449 [278 Cal.Rptr. 452].)

If CACJ's reasoning were adopted, one could be charged with burglary *only* when that person is unsuccessful in accomplishing the theft or felony for which he or she entered the structure. Such a result would be absurd, and we must "presume that the Legislature did not intend absurd results." (*Head, supra*, 42 Cal.3d at p. 232.) Yet, that is what CACJ in effect contends in suggesting that, because the Legislature has enacted specific Corporations Code sections proscribing the fraudulent sale of securities, it intended to preclude a burglary prosecution when the purpose for the illegal entry is the fraudulent sale of securities and this objective is achieved. We cannot agree.

The Legislature has enacted numerous statutes outlawing specific acts of misconduct. Because it has enacted statutes proscribing specific crimes does not indicate the Legislature intended to preclude a burglary prosecution when a burglar successfully completes a specific crime once inside the structure. Amicus curiae's contention ignores the fact that California's burglary statutes have a purpose separate from that of statutes outlawing the felonious conduct the intruder intends to commit once inside the structure. (See pt. I, *ante*.) Our state's burglary statutes are designed to protect the possessory right to property regardless of the nature of the theft or felony the intruder intends to commit inside the structure. Hence, the burglary sections are specific statutes which address a subject matter separate and distinct from violations of California's fraudulent securities statutes. "[W]here two statutes do not purport to deal with the same subject matter, there is no need to resort to the rule of construction that the more specific statute controls. The statutes simply do not cover the same subject matter and therefore are not in conflict." (*Shoemaker* v. *Myers* (1990) 52 Cal.3d 1, 21 [276 Cal.Rptr. 303, 801 P.2d 1054, 1 A.L.R.4th 1720]; *People* v. *Barrowclough* (1974) 39 Cal.App.3d 50, 55 [113 Cal.Rptr. 852].)

DISPOSITION

The order setting aside the burglary counts pursuant to section 995 is reversed.

Carr, J., concurred.

**BLEASE, Acting P. J.**—I concur in the judgment and much of the opinion. I add these words to stress the anomaly of the result.

Although the burglary statute, Penal Code section 459, is aimed at protecting a possessory interest of the occupant in property, neither the statute nor the cases which interpret it limit the offense to the situation in which that interest is invaded.[1] With minor exceptions the cases interpret section 459, which defines burglary, quite literally: "Every person who enters any [defined structure], with intent to commit . . . any felony is guilty of burglary."

The consequences are visited upon the defendant in this case. The offense of sale of fraudulent securities ordinarily, as here, poses no threat to the security or other property interest of the occupant of the structure in which the offense fortuitously is committed. Nonetheless the entry of the structure with the intent to do so is burglary. By this measure a burglary would occur in most cases of a completed security fraud since the commission of the fraud is most likely conducted indoors in a structure within the compass of the burglary statute.

Because Penal Code section 654 would require the staying of the penalty for the lesser offense, the penalty for the burglary offense would be applied only if greater than the target offense. The random workings of such a result strike me as arbitrary. That could be avoided if the specific property interests of the occupant in personal safety and the protection of the property and its contents were made the purpose of the burglary statute. I differ with my colleagues in their apparent conclusion that the sale of fraudulent securities to an unsuspecting occupant who consented to the entry invades a property interest *in* the structure entered. Another result of sweeping offenses such as security fraud into the domain of burglary is the untoward application of the serious felony sanctions (§ 667) and the limitation on discretion to grant probation (§ 462) which attend burglary of an inhabited dwelling. These heavy penalties are trivialized when they are imposed because of the happenstance that an offense, no more culpable by reason of the locale, occurs in a residence.

Nevertheless, the statute and the case law are to the contrary. The Supreme Court has carved out an exception from the language of Penal Code section 459 ("any felony") only in cases where the *entrant* has an interest in the property. That is made clear in *People* v. *Pendleton* (1975 [158 Cal.Rptr. 343, 599 P.2d 649]), which states that anyone who enters a structure with the intent to commit a felony therein may be convicted of burglary "provided *he* [the entrant] does not have an unconditional possessory right to enter."

---

[1] References to a section are to the Penal Code unless otherwise specified.

(25 Cal.3d at p. 382, italics added.) *People* v. *Superior Court* (*Granillo*) (1988) 205 Cal.App.3d 1478 [253 Cal.Rptr. 316] adds a further exception where the "victim" *endorsed* the felonious intent of the entrant. Neither circumstance is present here, and I am compelled to conclude that the section 995 order setting aside the burglary counts must be reversed.

Respondent's petition for review by the Supreme Court was denied April 2, 1992. Mosk, J., was of the opinion that the peition should be granted.