FILED

JUL 08 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10681 |
| Plaintiff - Appellant, | D.C. No. 2:10-cr-00576-KJD-GWF-1 |
| v. | |
| BRYAN HISER, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued January 16, 2013
Submitted July 8, 2013
San Francisco, California

Before: FARRIS and BYBEE, Circuit Judges, and ADELMAN, District Judge.**

The United States appeals Bryan Hiser's sentence imposed after he pled

guilty to two counts of violating 18 U.S.C. § 922(g)(1). The United States

contends that the district court erred in determining that Hiser's prior burglary

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Lynn S. Adelman, District Judge for the U.S. District Court for the Eastern District of Wisconsin, sitting by designation.

convictions did not constitute crimes of violence for purposes of sentence enhancement according to U.S.S.G § 2K2.1(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's interpretation of the sentencing guidelines de novo. *United States v. Alvarez-Hernandez*, 478 F.3d 1060, 1063 (9th Cir. 2007). Hiser's prior two convictions were for burglary in violation of Nev. Rev. Stat. 205.060. Nevada's burglary statute is facially broader than the generic definition of burglary because it "does not require the entry to have been unlawful in the way most burglary laws do." *Descamps v. United States*, No. 11-9540, 2013 WL 3064407, at *4 (U.S. June 20, 2013). Nevada has long since eliminated "[t]he common-law vestige of 'breaking' as an element in the crime of burglary." *McNeeley v. State*, 409 P.2d 135, 136 (Nev. 1964) (citing *State v. Watkins*, 11 Nev. 30 (1876)). Under Nevada's statute, consent to entry is not a defense, "so long as the defendant was shown to have made the entry with larcenous intent." *Thomas v. State*, 584 P.2d 674, 677 (Nev. 1978) (citing favorably for support *People v. Deptula*, 373 P.2d 430, 431–32 (Cal. 1962) (en banc)). Accordingly, Nevada courts have upheld convictions for burglary that did not include unlawful entry. *See, e.g.*, *Stephans v. State*, 262 P.3d 727 (Nev. 2011) (upholding burglary conviction for shoplifting). Thus, Nevada's burglary statute is quite similar to that of California's. *See Descamps*, at *4 (citing *People v. Barry*, 29 P. 1026, 1026–27

(Cal. 1892) ("The common-law element, to wit, the use of force by breaking, in order to constitute burglary, was originally a part of our statute; but it has long since ceased to exist . . . . That the entry is made in the daytime, when the store is open for business, may render it more difficult to prove the criminal intent present in the mind of the defendant when he enters; but that is a matter of evidence, and not a question of law.")). "In sweeping so widely, [Nevada's burglary statute] goes beyond the normal, 'generic' definition of burglary." *Id.* Therefore, Hiser's prior two convictions could not constitute crimes of violence under the categorical approach. *See id.* at *5.

Additionally, because the Nevada statute is indivisible with respect to the element of entry—an element we determined is broader than the generic definition of burglary—we are precluded from applying the modified categorical approach under the Supreme Court's recent decision in *Descamps*. *See id.* at *14. Reading the Nevada burglary statute in conjunction with Nev. Rev. Stat. 205.065, as the government contends we must, does not alter this conclusion, as the latter statute only indicates what reasonable inferences a jury may make if they determine the entry was unlawful. It does not change the fact that an individual can be convicted under the Nevada statute without "breaking and entering or [committing] similar conduct . . . [and covers] a shoplifter who enters a store, like any customer, during

3

normal business hours." *Id.* at 4. Therefore, we are precluded from implementing the modified categorical approach in conducting our categorical analysis of the Nevada burglary statute. *See id.* at *5, *14.

**AFFIRMED.**