107 F.3d 877
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Virgilio Joe DOMINGUEZ, Petitioner-Appellant,
v.
Avalee HENRY, Respondent-Appellee.
 No. 96-16037.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1997.
Decided March 4, 1997.
 
 1
 Before: SCHROEDER and O'SCANNLAIN, Circuit Judges; KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Virgilio Joe Dominguez appeals from the district court's order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dominguez claims that the California state court denied his Sixth Amendment right to the effective assistance of counsel. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 4
 * To prevail on a claim of ineffective assistance of counsel, "the defendant must show both that counsel's representation fell below an objective standard of reasonableness, and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Kimmelman v. Morrison, 477 U.S. 365, 375 (1986) (citing Strickland v. Washington, 466 U.S. 668, 688 (1984)). Moreover, the defendant must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 566 U.S. at 689.
 
 
 5
 We review the district court's denial of Dominguez' ineffective assistance claim de novo. Thompson v. Calderon, 86 F.3d 1509, 1515 (9th Cir.1996).
 
 II
 
 6
 Dominguez argues that his trial counsel was ineffective because he failed to raise as a defense to the burglary charge that Dominguez had "an unconditional right to enter" the premises in question. In California, a burglary can occur only if a person enters the premises without an "unconditional right to enter" the premises in question. In California, a burglary can occur only if a person enters the premises without an "unconditional possessory right" to do so. People v. Gauze, 542 P.2d 1365, 1367 (Cal.1975); People v. Pendleton, 599 P.2d 649, 656 (Cal.1979).
 
 
 7
 The district court rejected the ineffective assistance claim because the record established that Elizabeth Ramirez was a tenant of the trailer and that Dominguez did not have an absolute right to enter it. Dominguez contends that this conclusion reflects a misunderstanding of California law. In his view, a community interest in the trailer sufficiently established an unconditional right to enter.
 
 
 8
 The California superior court, in ruling that petitioner was not denied effective assistance, implicitly rejected his interpretation of California law:
 
 
 9
 The Court finds that trial counsel ... knew of, considered and investigated information given to him by Petitioner, that Petitioner had a community property interest in the trailer, which was the subject of the burglary, that he stored property there, that he did repairs there, that he paid the rent on occasion and that he had keys to the trailer. The Court also finds, however, that Counsel reasonably determined, based on Petitioner's statements to Counsel, that Petitioner had not lived or stayed at the trailer for several months. Consequently, based on legal research, Counsel reasonably concluded that a defense based on People v. Gauze (1975) 15 Cal.3d 709, would not be successful.
 
 
 10
 In re Dominguez, No. 152079 (Cal.Super.Ct. filed Mar. 21, 1994) (order denying petition for writ of habeas corpus).[1]
 
 
 11
 We also agree that counsel's conclusion was reasonable. First, we must accord a presumption of correctness to factual findings made by the state court. 28 U.S.C. § 2254(d); Strickland, 466 U.S. at 698. The record amply supports the state court's findings that counsel considered and investigated Dominguez' interest in and use of the trailer. It also supports the finding that counsel researched the defense, concluding that he could not establish it because Dominguez had not lived or stayed at the trailer.
 
 
 12
 Dominguez, of course, contends that whether or not he stayed at the trailer is irrelevant because he had a community interest in it. This point is not lost on the court; indeed, it may be incongruous to require occupancy under California law given the incidents of community ownership. Our inquiry, however, is whether counsel's performance was "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Under all the circumstances, it was not.
 
 
 13
 California law on this point, contrary to Dominguez' assertions, is not entirely clear. The California Court of Appeal, for instance, has interpreted Gauze to preclude a burglary conviction where the defendant "has an unconditional possessory right to enter as the occupant of the structure." People v. Salemme, 3 Cal.Rptr.2d 398, 402 (Ct.App.1992) (emphasis added); People v. Nguyen, 46 Cal.Rptr.2d 840, 843 (Ct.App.1995). Under this formulation, occupancy seems to have an established place in the analysis. When counsel moved to set aside the burglary conviction on the sole ground that Dominguez had a community interest in the premises, the trial judge denied the motion without explanation.
 
 
 14
 On Dominguez' state habeas petition, the superior court, accepting that Dominguez had a community interest, concluded that it was reasonable for counsel to forego the defense because Dominguez had not stayed or lived at the trailer. We cannot say that counsel's reading of California law rendered the proceeding "fundamentally unfair" when the state court, by implication, read the law the same way. See Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir.1993) ("We must defer to the state court's interpretation of state law.").
 
 
 15
 Since it was reasonable professional judgment for counsel to conclude that a Gauze defense was unfounded, his failure to raise it was not ineffective assistance.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The California Court of Appeal and Supreme Court summarily denied subsequent petitions